MARGUERITE SACKEWITZ, Respondent, v. AMERICAN BISCUIT MANUFACTURING COMPANY, Appellant.

**Kansas City Court of Appeals, January 16, 1899.**

1. **Master and Servant:** PLACE OF WORK: PRESUMPTION OF NEGLIGENCE: BURDEN OF PROOF. Plaintiff was hurt while working in the place assigned her through the falling of a drum or post used by a contractor repairing the room where she worked. The maxim *res ipsa loquitur* is applied to the facts and it is held that the injury created a presumption of negligence and the burden was cast upon the defendant to show that the cause of the injury was consistent with careful handling of the repair work.

2. ————: ALLEGATA ET PROBATA: VARIANCE: INSTRUCTION. The allegations of the petition and the proof of the plaintiff are reviewed and it is *held* there was sufficient correspondence between them to meet the requirements of the code; and an instruction appearing in the opinion is held to follow the petition.

3. ————: CONTRIBUTORY NEGLIGENCE: JURY. Where the evidence in regard to contributory negligence is conflicting, it is properly left to the jury.

4. ————: INDEPENDENT CONTRACTOR: SCIENTER: PLACE OF SAFETY: ASSUMPTION OF RISK. The master's duty to furnish the servant a safe place of work is a continuing and personal one and can not be delegated to an independent contractor; and where he puts the servant in a safe place but hires a contractor to repair the room, the servant is not required to show the unsafety of the place nor the master's knowledge thereof since there is implied or constructive notice to the master; and much more is this the case where the master's foreman is present during the progress of the repairs, and the doctrine of the assumption of risk has no application.

5. ————: CONTRIBUTORY NEGLIGENCE: INSTRUCTION. In an action for negligence an instruction which authorizes a recovery on hypothetical facts without referring to plaintiff's contributory negligence is not objectionable where such negligence is submitted in a separate instruction, and the same rule applies to the assumption of risk.

6. ———: NEGLIGENCE: INSTRUCTIONS. Several instructions are reviewed and approved or criticised.

7. Appellate Practice: MISCONDUCT OF COUNSEL: JUDGMENT FOR RIGHT PARTY. Where the judgment is manifestly for the right party the appellate court will not inquire into the misconduct of counsel in his concluding argument.

*Appeal from the Jackson Circuit Court.*—HON. J. W. HENRY, Judge.

AFFIRMED.

AMOS H. KAGY and J. H. BREMERMANN for appellant.

(1) The court erred in refusing defendant's request for a peremptory instruction at the close of plaintiff's case and at the close of all the evidence, for the reason that no case was made for the jury. Smith v. Railroad, 37 Mo. 297; Yarnell v. Railroad, 113 Mo. 570; Murphy v. Railroad, 115 Mo. 111; Ryan v. McCully, 123 Mo. 636; Breen v. Cooperage Co., 50 Mo. App. 202; Gallagher v. Edison, etc., Co., 72 Mo. App. 576; Hicks v. Railroad, 46 Mo. App. 304; Burnes v. Railroad, 129 Mo. 41; Williams v. Railroad, 119 Mo. 316; Pfleka v. Knapp, Stout & Co., 46 S. W. Rep. 974; Shea v. Railroad, 1 Mo. App. Rep., p. 478. No act of negligence is shown by the evidence. Plaintiff's case rests wholly on the ground that an injury was sustained by a post falling upon her, without showing any efficient cause for the accident, or the violation of any legal duty defendant owed her. That this is not enough upon which to ground an action is manifest, as a few citations in our own state will abundantly show. (2) We are not unmindful of the rule that negligence may be inferred from circumstances, under the doctrine of *res ipsa loquitur,* but confidently assert that that principle has no application to the case at bar. Gallagher v. Edison, etc., Co., 72 Mo. App. 576. (3) If there

is anything in the facts or circumstances from which the inference of negligence may be drawn, it is that a post was set up, one end leaning against another, and that it fell without apparent cause. If this is enough to send the case to the jury, the action of the court below may be justified, otherwise it was error to refuse to declare as a matter of law that plaintiff could not recover. (4) The petition counts on the negligence of the defendant in carelessly and negligently setting up a post, and plaintiff is permitted to recover on the ground that defendant did not provide plaintiff with a safe place in which to work. Bailey's Per. Inj., sec. 360; Whipple v. B. & L. Ass'n, 55 Mo. App. 554; Gurley v. Railroad, 93 Mo. 445; Price v. Railroad, 40 Mo. App. 189; Jacquin v. Railway, 57 Mo. App. 320; McManamee v. Railroad, 135 Mo. 440; Waldhier v. Railroad, 71 Mo. 514; Price v. Railroad, 72 Mo. 416; Sedalia v. Mercer, 48 Mo. App. 650; Pfleka v. Knapp, 46 S. W. Rep. 974; McCarty v. Hotel Co., 46 S. W. Rep. 172; Watson v. Railway, 133 Mo. 246; Hite v. Railroad, 130 Mo. 132. (5) Plaintiff knew that Bovard's men were raising the floors within six or eight feet from the place where she was at work, and had placed a drum leaning against one of the upright posts in such position that it might fall, and she continued to work there without objection or without informing her employer of that fact, and assumed whatever risk or danger there may have been. Irmer v. Brewing Co., 69 Mo. App. 17; Marshall v. Hay Press Co., 69 Mo. App. 256; Nugent v. Milling Co., 131 Mo. 241; Fugler v. Bothe, 117 Mo. 475; Keegan v. Kavanaugh, 62 Mo. 230; Musick v. Dold, 58 Mo. App. 322; Flynn v. Bridge Co., 42 Mo. App. 529; Steinhauser v. Spraul, 127 Mo. 541; Settle v. Railway, 127 Mo. 336. (6) The uncontradicted evidence shows that when plaintiff went to work on the day she was injured the place was safe, and if made unsafe it was the act of Bovard and his

workmen. Before defendant can be held liable for its unsafe condition it must have either actual or constructive notice of the unsafety. Burnes v. Railroad, 129 Mo. 41; Covey v. Railroad, 86 Mo. 635; Gutridge v. Railroad, 94 Mo. 468; Williams v. Railroad, 119 Mo. 316; Gallagher v. Edison Co., 72 Mo. App. 576; Long v. Moon, 107 Mo. 334; Blumb v. Kansas City, 84 Mo. 112; Crenshaw v. Ullman, 113 Mo. 638; Independence v. Slack, 134 Mo. 66. (7) The injury to plaintiff, if caused by the negligence of any one, was due to the act of Bovard or his workmen. Bovard was an independent contractor, fully competent to do the work, the work done was not of a dangerous character, and defendant had no control over Bovard or his men, hence is not liable. Burnes v. Railroad, 129 Mo. 41; Long v. Moon, 107 Mo. 334; Morgan v. Bowman, 22 Mo. 538; Blumb v. Kansas City, 84 Mo. 112; Wiese v. Remme, 140 Mo. 289. (8) Plaintiff's first instruction is erroneous in that it permits a recovery on a cause of action not stated in the petition. The petition counts on misfeasance, while the instruction permits a recovery on the ground of nonfeasance. If she will recover on the ground that the place was not safe, she must allege and prove that fact. Dahlstrom v. Railway, 96 Mo. 99; Burnes v. Railway, 129 Mo. 41; St. Louis v. Ranken, 96 Mo. 497; Jacquin v. Railway, 57 Mo. App. 320; Armour v. Hahn, 111 U. S. 313; Moore v. Streigle, 50 Mo. App. 308; Macke v. Davis, 61 Mo. App. 524. (9) Plaintiff's first instruction is also erroneous in that it ignores the defense and permits a recovery notwithstanding plaintiff's contributory negligence and assumption of risk. Chipley v. Leathe, 60 Mo. App. 15; Mathews v. Railway, 63 Mo. App. 569; Bank v. Metcalf, 29 Mo. App. 384; Clark v. Hammerle, 27 Mo. 55; Griffith v. Conway, 45 Mo. App. 574; Fink v. Phelps, 30 Mo. App. 431; Evers v. Shumaker, 57 Mo. App. 454; McMahon v. Express Co., 132 Mo. 641.

L. A. LAUGHLIN for respondent.

(1)   The first point made by defendant is that the court erred in refusing a peremptory instruction to the jury to find for defendant on the ground that there was no evidence of negligence.   The cases cited by defendant have no application to the case at bar, owing to the dissimilarity in facts, except the case of Gallagher v. Edison Lt. Co., 72 Mo. App. 576; Dougherty v. Railway, 9 Mo. App. 478, 484; Turner v. Haar, 114 Mo. 335, 346.   (2)   An allegation that it was the duty of a person to do an act, is a mere conclusion of law, and insufficient without a statement of facts. Abbott's Pleadings, p. 258, title, "Duty," citing Buffalo v. Holloway, 7 N. Y. 493 (the leading American case), and 2 Chitt. Pl., 16 Am. Ed., 477; Field v. Railroad, 76 Mo. 614.   Facts and not evidence, nor conclusions of law, must be distinctly stated.   Pier v. Heinrichoffen, 52 Mo. 333, 336; McNees v. Ins. Co., 61 Mo. App. 335, 344.   (3) Much of what is said by defendant of the assumption of risk or the contributory negligence of plaintiff would be proper in an argument to the jury but can not be considered by this court.   The burden of pleading and proving contributory negligence was on the defendant.   Williams v. Railway, 109 Mo. 475; Grove v. Kansas City, 75 Mo. 672; Eswin v. Railroad, 96 Mo. 290.   (4)   The latest expression of our supreme court on the duty of the master to provide a safe place for the servant to work in, is found in Herdler v. Stove & Range Co., 136 Mo. 3, 16; Trainer v. Railroad, 137 Pa. St. 148; Michaels v. Machine Works, 90 Va. 492; Davis v. Railroad, 159 Mass. 532; Bradley v. Railroad, 62 N. Y. 99; Railroad v. Fox, 31 Kan. 586; Russell v. Columbia, 74 Mo. 480; Golden v. Clinton, 54 Mo. App. 100, 116; Davenport v. Hannibal, 108 Mo. 471, 478; Smith v. St. Joseph, 42 Mo. App. 392, 398; Taubman v. Lexington, 25 Mo. App. 218, 224; Benjamin v. Railway, 133 Mo. 274,

285; Hess v. Rosenthal, 160 Ill. 621, 628. (5) Defendant attacks plaintiff's first instruction on the same ground that it complains of the petition. An abstract statement of law in an instruction is erroneous. Burdoin v. Trenton, 116 Mo. 358; Stephens v. Railroad, 86 Mo. 221, 230; Shortel v. St. Joseph, 104 Mo. 114, 120; Ballard v. Railroad, 51 Mo. App. 453, 459. (6) An instruction for plaintiff in an action for negligence is not erroneous which authorizes a recovery on the facts hypothecated in it without reference to plaintiff's contributory negligence, where the latter is submitted to the jury in a separate instruction. Owens v. Railroad, 95 Mo. 169; Ephland v. Railroad, 57 Mo. App. 147, 160; Dougherty v. Railroad, 97 Mo. 647, 661; Burdoin v. Trenton, 116 Mo. 358, 372; Sullivan v. Railroad, 117 Mo. 214, 237.

SMITH, P. J.—This is an action by the plaintiff against the defendant, a manufacturing corporation, to recover damages for personal injuries resulting to the former in consequence of the negligence of the latter. The defenses pleaded were: (1) that of contributory negligence; and (2) that the injury resulted from the negligence of the servants of an independent contractor over whom the defendant exercised no control and to whom it gave no orders or directions. There was a trial in the court below where plaintiff had judgment and defendant appealed.

STATEMENT.

The defendant questions the judgment on the ground that the denial by the court of its demurrer to the evidence was error. It is contended by the defendant that the facts which the evidence tends to prove and the inferences to be drawn therefrom are insufficient to establish a *prima facie* case, entitling the plaintiff to a submission to the jury. In support of this contention it is argued that it is not disclosed by the evidence that the plaintiff was injured by the negligence of the defendant.

It will be seen by reference to the evidence that it is quite conflicting and contradictory in respect to many material facts. That adduced by the plaintiff tends to prove about these facts, viz: that plaintiff was employed in the defendant's factory in the work of packing crackers in boxes for the market and worked with other girls in what was known as the packing room. Mains, who was foreman in charge of this room, directed the plaintiff to take a certain place to work at a table upon which crackers were loosely placed for packing. The floors of the factory building, which were supported by posts, had sagged, and one Bovard had entered into a written contract with defendant to shore up the posts and raise the floor. The former's men were engaged in this work in the packing room on the day the plaintiff was injured. In carrying on the work these men used what they termed "drums," which were pieces of pine timber eight by eight and of the length of seven feet. In one end of such timbers a hole had been bored in which was inserted an iron jack. The projecting end of the jack consisted of an iron ball two inches in diameter. When in use the ball rested in the socket of an iron plate which was kept oiled so that it would easily turn. Some time in the evening, after the plaintiff had taken her place at the packing table, as directed by the defendant's foreman, and while she was engaged in the performance of the work to which she had been assigned, one of the men in Bovard's employ leaned a drum, not then in use, against another drum which had been placed in an upright position with several others around one of the posts, supporting the floor of the next story above. This took place behind the plaintiff and at a place she could not see without turning around. The end of the unused drum, resting on the smooth hard-wood floor of the factory, was the oiled iron ball previously mentioned. While the plaintiff was engaged in her work, with her back to the leaning drum, it fell and struck her in the small of the back severely injuring her.

It seems clear to us that on the principle of the well recognized maxim of *res ipsa loquitur,* the happening of the accident, which resulted in plaintiff's injury, alone was *prima facie* evidence of negligence.  The circumstances under which the plaintiff was injured were such as to create a presumption of negligence.

MASTER and servant: place of work: presumption of negligence: burden of proof.

A piece of timber, like a drum, with one end made to rest on a wooden floor and the other properly and carefully leaned against others occupying an immovable upright position would not fall without some adequate cause.  The burden of proof was cast upon the defendant to prove that the accident was due to some cause consistent with the careful handling of the drums used in raising the floors of the defendant's factory.  The plaintiff having adduced evidence tending to prove the facts to be as we have stated them, was not required to go further, but had a right to rest on the presumption of negligence created by such facts.  She had thus made out her *prima facie* case and was entitled to recover the damages sustained unless the defendant could, by evidence of the kind we have just indicated, rebut such presumption.  The application of the principle of the maxim quoted will be found variously illustrated in the many cases cited in Webb's Pollock on Torts, pp. 635-637, and in Dougherty v. Railway, 9 Mo. App. 478; also, see Turner v. Haar, 114 Mo. 335.  But aside from presumptive negligence it seems to us that the evidence was quite ample to carry the case to the jury on the issue.

The defendant further objects that there is a substantial variance between the negligence alleged and that proved.  The petition alleges the negligence of the defendant in this way:

"That on February 11, 1896, plaintiff was in the employ of the defendant in their said factory as a servant for hire and reward, and at the time of receiving the injury

——: allegata et probata: variance: instruction.

hereinafter complained of, was working in the said factory in the place assigned her by defendant. That on said day, defendant was engaged in strengthening the pillars on the floor on which plaintiff was working, which pillars supported the floor above, and for that purpose defendant had erected large temporary wooden pillars underneath which jackscrews were placed for the purpose of raising the floor, which had sagged, and that one of the pillars so erected by the defendant was near the place where plaintiff was working. Plaintiff states that said pillar was so negligently, carelessly, insecurely and improperly erected and set up by defendant for the purpose aforesaid, that about the hour of 2:30 p. m. on the said day, it fell, striking the plaintiff a violent blow in the small of the back."

The relation of the plaintiff to the defendant at the time of injury is sufficiently alleged in the petition. The law did not require the plaintiff to plead the defendant's legal duty to her. The facts pleaded and proved showed a breach on the part of defendant of a legal duty. It is distinctly alleged that while the plaintiff was in the employment of the defendant she was required by him to work in a place that was rendered unsafe and dangerous by reason of the negligent acts and doings of the men engaged in repairing the defendant's factory building, in consequence of which she was injured. But whether this constituted a breach of defendant's duty was a conclusion of law which plaintiff was not required to plead. Abbott's Plead., p. 258; Pier v. Heinrichoffen, 52 Mo. 333; McNees v. Ins. Co., 61 Mo. App. 335; Field v. Railway, 76 Mo. 614. It seems to us that there was a sufficient correspondence between the allegation and proof to meet the requirements of our practice act.

As to whether the plaintiff knew that Bovard's men had leaned the drum against the other upright drums in

such a position that it was likely to fall, or whether she knew of the danger to be apprehended therefrom, or whether the defendant's foreman had ordered her to leave the place he had directed her to work and go to another, were controverted questions of fact to which it was proper for the jury and not the court to respond. On the issue of contributory negligence the evidence was quite conflicting. It was therefore entirely proper, as was done, to leave it to the jury to determine. Grove v. Kansas City, 75 Mo. 672; Eswin v. Railroad, 96 Mo. 290.

*—: contributory negligence: jury*

The defendant further contends that the place where the plaintiff was injured was rendered unsafe by the acts of Bovard, and the men under him, and that since Bovard was an independent contractor the defendant was not liable to plaintiff for the negligence of the men in the employ of such independent contractor, or, in other words, that the defendant was guilty of no breach of duty to the plaintiff. The character of the work which defendant had employed Bovard to perform was, as we have already stated, notice to the former of the danger attending its performance. No notice of the manner in which the drum, that fell, had been placed was required to be proven. The law imposes upon the master the duty of providing his servant a reasonably safe place in which to do the work assigned to him. It would indeed be but a perfunctory discharge of his duty to provide the servant in the first instance a safe place to work and later on, while the latter's attention is engrossed with the work so assigned to him for the former, by his acts to render such place unsafe. The duty is a continuing one and can not be avoided in that way. This duty is a personal one cast upon the master which he can not delegate to an independent contractor, and thereby relieve himself of the responsibility for an injury to the servant resulting from the negligence of such contractor. He is liable for the

*· —: independent contractor: scienter: place of safety: assumption of risk.*

safety of the place in which he requires the work to be done. While for many purposes the relation of independent contractor will be recognized, it can not be sustained to shield the master from those positive personal obligations cast upon him by his relation to his servant. The rule requiring the servant to show as a condition of recovery the unsafety of the place, or defectiveness of the machinery, and that the master knew, or by the exercise of ordinary care could have known the same, can not apply to a case like this where liability is shown to exist upon the principle of *res ipsa loquitur*. There is an implied or constructive notice in such case. This is knowledge in so far as the rights of the servant are involved. These views of the law, we think, will be found supported by the authorities. Herdler v. Range Co., 136 Mo. 3; Burnes v. Railway, 129 Mo. 41; Hess v. Rosenthal, 160 Ill. 621; Trainer v. Railway, 137 Pa. St. 148, and other cases cited in briefs of counsel.

But aside from this it is to be observed that the defendant's foreman Mains was present during the progress of the work. The defendant was, in the eye of the law, present itself and can not, under such circumstances, be heard to say it did not know that the place had been rendered unsafe. On the other hand, the evidence does not tend to show that the plaintiff had the same knowledge that the defendant had of the unsafety of the place. The drum had been placed in the dangerous position but a few minutes before it fell and injured plaintiff. The plaintiff was during the intervening time occupied with her work, sitting with her back to the drums, and unconscious of her peril. Her opportunity and means of acquiring knowledge of the danger was by no means equal to that of defendant. There is nothing in the evidence to charge her with knowledge that the place had become more unsafe. It is true that Mains testified that he ordered the plaintiff to remove to another place to work, but this was contradicted by the testimony of

other witnesses so that it was a question of fact which was properly left for the jury, under an instruction, to determine. We are unable therefore to discover that the doctrine of the assumption of the risk has any application to a case like this, or that there is any analogy between it and that of Marshall v. Hay Co., 69 Mo. App. 261, and the other cases of which it is a type.

The defendant objects that the first instruction given for the plaintiff is erroneous; it told the jury that if they believed from the evidence that plaintiff was in the employ of the defendant on or about February 11, 1896, that on said day while working in defendant's building in the place assigned her by the foreman of defendant in charge of the department in which she was employed, a pillar, which was being used by workmen employed by a contractor, who had a contract with defendant to shore up said building, fell and struck plaintiff, thereby injuring her, and if you further find that the fall of said pillar was owing to its being insecurely and improperly erected and that said workmen did not use ordinary care and caution in erecting said pillar, and you further believe that plaintiff might reasonably have supposed that she could safely work at the place where she was required to work, and that defendant knew or by the exercise of reasonable care could have known that it was not safe for plaintiff to work there, then they should find for the plaintiff. The first ground of defendant's objection to this instruction is that it permits a recovery on a cause of action other than that stated in the petition. This objection is perhaps sufficiently answered by what has already been said in respect to the correspondence between the *allegata* and the *probata*. The defendant's contention, it seems to us, is founded on a misconception of the language of the petition. The actionable facts are all there. The instruction in theory is not variant from that of the petition.

The second objection urged is that it permits a recovery if plaintiff "might reasonably have supposed that she could safely work at the place where she was required to work," without any reference to her assumption of the risk or contributory negligence. It is well settled that an instruction for plaintiff in an action for negligence is not erroneous which authorizes a recovery on facts hypothesized therein without reference to plaintiff's contributory negligence where the latter is submitted to the jury, as here, in a separate instruction. Ephland v. Railway, 57 Mo. App. 160; Owens v. Railway, 95 Mo. 70. And the same rule is of course applicable when the assumption of the risk is relied on as a defense.

*——: contributory negligence: instruction.*

An examination of the language of the plaintiff's second instruction has not convinced us that it is fairly subject to defendant's criticism. It does not, as we think, assume any essential fact. The words which the court on its own motion interpolated into the defendant's eighth instruction did not have the effect to in any way alter or change the meaning it expressed in the form in which it was requested. The effect of the alteration was to render it somewhat clumsy and less perspicuous.

*——: negligence: instructions.*

The defendant further objects that the court erred in its action refusing its instructions 18 and 21. These two instructions but express the rule relating to the assumption of the risk which had been sufficiently expressed in other instructions given for defendant.

There were twenty-six instructions requested—twenty-two of these by defendant. Of these the court gave two with and nine without modification. These presented every conceivable phase of the case for the defendant. Some of them were liberal to a fault. It would be strange if one or more of these were not subject to some slight verbal criti-

cism. As far as we are able to see there is no serious inconsistency between any of them.

The defendant's final complaint is that the plaintiff's attorney in his concluding argument before the jury was

**APPELLATE practice: misconduct of counsel: judgment for right party.** guilty of gross misconduct. Whether or not the offensive remarks of plaintiff's attorney were properly preserved by the bill of exceptions is a question into which we shall not stop to inquire since we think the judgment is so manifestly for the right party that it should be upheld, even though such remarks were improper. The judgment will be affirmed. All concur.