(42 Misc. Rep. 336.)

### GORMAN v. MILLIKEN et al.

(Supreme Court, Trial Term, Kings County. January, 1904.)

1. INJURY TO EMPLOYÉ—RES IPSA LOQUITUR.

Where a derrick furnished by the master falls, injuring an employé, the failure of the master to explain the fall is prima facie evidence of his negligence; and a verdict for him, rendered in an action for damages, should be set aside as against the evidence.

2. NEW TRIAL—DEFECTIVE INSTRUCTIONS.

Where the instructions do not fully state the correct theory of the case, there must be a new trial, though plaintiff did not except thereto.

Action by Bridget Gorman against Edward F. Milliken and others. Verdict for defendants. Motion by plaintiff for a new trial. Granted.

Arnold Charles Weil, for the motion.

Albert E. Lamb, opposed.

SMITH, J. Without reviewing the evidence in detail, it seems to me conclusive that, if the verdict for the defendant was based upon a determination by the jury that the death of plaintiff's intestate was not the result of the injury received by him at the time of the fall of the derrick, the verdict should be set aside. No other cause for his death is suggested by the evidence, and the testimony of all the physicians, including that of the expert produced by the defendants, makes it clear that the injury to Gorman's skull developed months afterward into the meningitis which caused his death. On the whole case, I think a new trial should be granted, because the verdict was against the weight of evidence. Although no exception to the charge was taken by the plaintiff, I fear the jury was not instructed with sufficient clearness as to the law of the case. Upon the authority of Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662, the fall of the derrick afforded prima facie evidence of the negligence of the defendants. The burden of proof is not shifted to the defendants by evidence of the fall of the derrick, as is claimed by the plaintiff, but the burden imposed upon the plaintiff of showing defendants' negligence is met by evidence of the fall of the derrick. I do not think this proposition of law was impressed upon the jury. The plaintiff advanced a theory to explain the accident. I do not think that theory sufficient, and evidently the jury had the same opinion, but it was not necessary for the plaintiff to advance any theory. She could have stood on the fall of the derrick.

I do not believe the jury was made to understand this. If they had so understood it, their verdict must have been for the plaintiff, because it was incumbent upon the defendants to explain the fall, and it seems to me they entirely failed to do so. The uncontradicted evidence was that the derrick was properly located with reference to the foundation on which the column was to be placed. The column at the foundation had to be deflected from the perpendicular only 10 inches to be in a position to go into its proper place. The defendants' contention is that the men deflected it much more than 10 inches, so that its weight all came on one leg of the derrick, this causing it to collapse; but a perusal of the whole evidence of plaintiff's witnesses, upon which this conten-

tion is based, does not sustain it. Besides, there was no reason or motive for this deflection. It was entirely unnecessary, and very difficult of execution. If the men were attempting this difficult and unnecessary work, and they lost control of the column, its tendency would be to swing back to the center between the two masts of the derrick.

In short, neither theory of the happening of the accident advanced by the plaintiff or the defendants is sustained by the evidence, but, because the burden of proving defendants' negligence imposed upon the plaintiff was met by simply showing the fall of the derrick, the plaintiff should have had the verdict.

It seems to me there has been, under a law which controls this case, a grave miscarriage of justice, and the court assumes its full share of the responsibility for the result. Although the court was not requested to submit the case on the correct theory, and there was no exception to the charge, the case was not submitted to the jury upon the correct theory and under such circumstances there should be a new trial. Whittaker v. D. & H. Canal Co. (Sup.) 3 N. Y. Supp. 576.

Motion granted.