GOLDSTEIN v. MICHELSON et al. (Supreme Court, Appellate Division, First Department. February 17, 1905.) Action by Louis Goldstein against Lena Michelson and others. No opinion. Motion granted, upon appellant stipulating that, upon affirmance, judgment absolute shall be rendered against him.

GOODMAN v. WOODS MOTOR VEHICLE CO. (Supreme Court, Appellate Division, First Department. February 10, 1905.) Action by Henry Goodman against the Woods Motor Vehicle Company. No opinion. Motion granted.

GOODRICH, Appellant, v. GOODRICH, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 15, 1905.) Action by George Goodrich against S. Worth Goodrich. No opinion. Judgment and order affirmed, with costs.

GORHAM, Respondent, v. ROGERS et al., Appellants. (Supreme Court, Appellate Division, First Department. March 10, 1905.) Action by Walter A. Gorham against William A. Rogers and others. M. Conboy, for appellants. H. Taylor, for respondent. No opinion. Judgment and order affirmed, with costs.

GORMAN, Respondent, v. MILLIKEN et al., Appellants. (Supreme Court, Appellate Division, Second Department. February 15, 1905.) Action by Bridget Gorman, as administratrix, etc., of Frank Gorman, deceased, against Edward F. Milliken and Foster Milliken.

PER CURIAM. Order granting new trial (86 N. Y. Supp. 699) affirmed, with costs.

HOOKER, J., not voting.

GOTTSBERGER, Appellant, v. PENNSYLVANIA R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. March 3, 1905.) Appeal from Municipal Court, Borough of Brooklyn, Second District. Action by Francis Gottsberger against the Pennsylvania Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed. Robert B. Austin, for appellant. Norman B. Beecher, for respondent.

WILLARD BARTLETT, J. The plaintiff purchased from a ticket agent of the defendant a railway ticket from New York to St. Louis and return, via Indianapolis and Pittsburg. Printed on the face of the ticket was a special contract, which the plaintiff signed when he bought it, and which was also signed in ink by the agent of the railroad company, providing, among other things, that the ticket would not be good for the return trip unless the holder should be identified as the original purchaser, to the satisfaction of a validating agent at St. Louis. The plaintiff alleges that the defendant, through its ticket agent in New York, assured him that this ticket would be exchanged by its representative in St. Louis for a ticket which would enable the passenger to return via Chi-

cago, instead of by the way of Indianapolis and Pittsburg, but that the defendant's St. Louis agent refused to furnish him with such substituted ticket when requested so to do, in consequence of which refusal the plaintiff sustained damages in the amount of the expenditures rendered necessary in order to enable him to come home by the Chicago route. This sum he seeks to recover in this suit. The decision in the Municipal Court was in favor of the defendant. Counsel for the plaintiff, in asking us to reverse it, assumes that the trial judge must have held either that the New York ticket agent who sold the ticket exceeded his authority, or that evidence was not receivable to show any oral agreement by such agent relating to the intending passenger's trip, inasmuch as the whole agreement between the parties was contained in the printed and written matter upon the ticket itself, and could not be varied by parol. In this view, it is argued that the ticket agent in New York had such apparent authority to promise the substitution of a different return ticket at St. Louis as to make such promise binding upon the railroad company; and numerous decisions are cited in support of the proposition that a railroad ticket does not constitute a contract between the carrier and passenger, within the rule excluding parol evidence to vary a written agreement. These questions, however, are not necessarily involved in the determination of the present appeal. The defendant's New York ticket agent swears that he never told the plaintiff that he could exchange his ticket at St. Louis for a ticket returning by way of Chicago. This testimony constitutes in effect a denial of an allegation, the establishment of which is essential to the establishment of the plaintiff's cause of action. and the truth of which is asserted by the plaintiff himself upon the witness stand. It would seem that the Municipal Court justice must have decided this vital issue in favor of the defendant, and we cannot say that in doing so he decided against the evidence or weight of evidence. The only other witness who was present when the plaintiff purchased the ticket makes no mention of any answer by the ticket agent to the plaintiff's statement that he desired to return via Chicago. The determination below rests on a finding of fact which we are not at liberty to disturb, and which, if correct, required the result which was reached in the Municipal Court. The judgment should therefore be affirmed. All concur.

GOVE, Appellant, v. BENTLEY, Respondent. (Supreme Court, Appellate Division, Third Department. March 8, 1905.) Action by George H. Gove against George H. Bentley. No opinion. Judgment unanimously affirmed, with costs.

In re GRADE CROSSING COM'RS. (Supreme Court, Appellate Division, Fourth Department. March 1, 1905.) In the matter of the application of the grade crossing commissioners for the appointment of commissioners, etc. Proceeding No. 58, as to land claimed to be owned by Margaret Farrow and others.

PER CURIAM. Judgment and order affirmed, with costs.

HISCOCK, J., not voting.