## LUCID v. E. I. DU PONT DE NEMOURS POWDER CO.

(Circuit Court of Appeals, Ninth Circuit.    October 7, 1912.)

### No. 2,106.

**1.** NEGLIGENCE (§ 121*)—RES IPSA LOQUITUR—SCOPE OF DOCTRINE.

Since the doctrine of res ipsa loquitur involves an exception to the general rule that negligence must be affirmatively shown, and is not to be inferred, it is applicable only when the nature of the accident itself, not only supports an inference of defendant's negligence, but excludes all others.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 217–220, 224–228, 271; Dec. Dig. § 121.*]

**2.** MASTER AND SERVANT (§ 265*)—INJURY TO EMPLOYÉ—RES IPSA LOQUITUR—APPLICABILITY OF DOCTRINE.

Generally, but not always, the res ipsa loquitur doctrine is inapplicable to an action against an employer for injury to an employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908; Dec. Dig. § 265.*

Application of doctrine of res ipsa loquitur in actions for injuries to servants, see note to Carnegie Steel Co. v. Byers, 82 C. C. A. 121.]

**3.** MASTER AND SERVANT (§ 265*)—INJURY TO EMPLOYÉ—PLEADING—RES IPSA LOQUITUR.

In an action for personal injury to an employé, a complaint charging that defendant negligently and carelessly had and kept stored in a building, in which it was engaged in manufacturing dynamite, a great quantity of dynamite and other high explosives, approximately 30,000 pounds, is sufficient to invoke the res ipsa loquitur doctrine where assumption of risk is required to be, but is not, pleaded; the complaint excluding any assumption that the negligence might have been the act of a fellow servant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

**4.** MASTER AND SERVANT (§ 262*)—ASSUMPTION OF RISK—PLEADING.

Under the California practice, assumption of risk must be pleaded.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 855–859; Dec. Dig. § 262.*

Assumption of risk incident to employment, see notes to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

**5.** PLEADING (§§ 192, 367*)—INDEFINITENESS—REMEDY.

Objection that allegations of a complaint are indefinite should be raised by a motion to make more definite and certain, and not by demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 408–427; Dec. Dig. §§ 192, 367.*]

**6.** MASTER AND SERVANT (§ 256*)—INJURY TO EMPLOYÉ—COMPLAINT—SUFFICIENCY.

The complaint in an action against an employer for personal injury sufficiently stated a cause of action, as against demurrer, where it alleged that on a specific date plaintiff was employed by defendant, a manufacturer of explosives as a track foreman on a tramway; that, while plaintiff was so employed, defendant negligently had and kept stored in a building which it used dynamite and other high explosives, approximating 30,000 pounds; that, through such negligence, such explosives were permitted to and did explode, causing an explosion of other dyna-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mite and high explosives belonging to defendant; and that plaintiff was injured by the second explosion, etc.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 809–812, 815; Dec. Dig. § 256.*]

In Error to the District Court of the United States for the Second Division of the Northern District of California.

Action by John Lucid against the E. I. Du Pont De Nemours Powder Company, a corporation. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

The plaintiff in error, in his complaint to recover damages for personal injuries, alleged that on February 20, 1908, he was employed by the defendant in error, a corporation engaged in manufacturing and storing acids, powder, dynamite, and other high explosives, as a track foreman on a certain tramway connected with said business; that on that date, while engaged in such business, the defendant in error negligently and carelessly had and kept stored, in a building which it used for such manufacturing purposes, a great quantity of dynamite and other high explosives, approximately 30,000 pounds thereof; that by reason of the negligence and carelessness of the defendant in error in storing such dynamite and other high explosives the said great quantity thereof and other high explosives so stored was permitted to and did explode; that the explosion caused an explosion of other dynamite and high explosives, belonging to the defendant in error and in its possession, loaded on four cars approximately 500 feet distant from the building, which cars were at the time of the second explosion passing along a tramway on which the plaintiff in error had been put to work by the defendant in error; and that by the second explosion the plaintiff in error was injured. The defendant in error demurred to the complaint, first, on the ground that the facts stated were insufficient to constitute a cause of action; and, second, that the complaint is uncertain, in that it cannot be ascertained therefrom whether the alleged negligence consisted in the manner in which the dynamite was stored, or whether it consisted in storing such a quantity of dynamite as therein set forth, or whether it consisted in keeping dynamite stored in a building where it was engaged in the manufacture of dynamite and other high explosives. The court below sustained the demurrer, and, the plaintiff in error failing to file an amended complaint, it was ordered that the cause be dismissed, and that judgment be entered for the defendant in error.

Sullivan & Sullivan and Theo. J. Roche, all of San Francisco, Cal., for plaintiff in error.

Pillsbury, Madison & Sutro, of San Francisco, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] It is contended that upon the statement of the facts alleged in the complaint a cause of action arises in favor of the plaintiff in error, and a presumption of negligence on the part of the defendant in error, or, in other words, that res ipsa loquitur. The doctrine of res ipsa loquitur involves an exception to the general rule that negligence must be affirmatively shown, and is not to be inferred, and the doctrine is to be applied only when the nature of the accident itself, not only supports the inference of the defendant's negligence, but excludes all others.

[2] It is the general rule that in actions by employés against their employers for injuries sustained through negligence, the mere fact

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the injury creates no presumption of negligence on the part of the employer, and that the doctrine of res ipsa loquitur does not apply. Chicago & N. W. Ry. Co. v. O'Brien, 132 Fed. 593, 67 C. C. A. 421; Northern Pac. Ry. Co. v. Dixon, 139 Fed. 737, 71 C. C. A. 555; Shandrew v. Chicago, St. P., M. & O. Ry. Co., 142 Fed. 320, 73 C. C. A. 430; Omaha Packing Co. v. Sanduski, 155 Fed. 897, 84 C. C. A. 89, 19 L. R. A. (N. S.) 355; Patton v. Illinois Cent. R. Co. (C. C.) 179 Fed. 530; Midland Valley R. Co. v. Fulgham, 181 Fed. 91, 104 C. C. A. 151; Montbriand v. Chicago, St. P., M. & O. Ry. Co. (C. C.) 191 Fed. 988. The reason of the rule is that ordinarily it cannot be known with reasonable certainty that the injury did not result from the negligence of some fellow servant, or that it did not result from a risk of the employment which the employed assumed, including that of the negligence of his fellow servants. In Patton v. Texas & Pacific Ry. Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361, the court said:

"Where the testimony leaves the matter uncertain, and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible, and for some of which he is not, it is not for the jury to guess between these half a dozen causes, and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion."

In Texas & Pacific Ry. Co. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136, the foreman in charge of a switch engine was injured by the explosion of another engine near by. The Supreme Court approved the charge to the jury:

"That the mere fact that an injury is received by a servant in consequence of an explosion will not entitle him to a recovery, but he must, besides the fact of the explosion, show that it resulted from the failure of the master to exercise ordinary care, either in selecting such engine or in keeping it in reasonably safe repair."

But the rule is not inexorable, and there are cases in which the maxim "res ipsa loquitur" should be held to apply even to actions brought by employés against their employers. Such a case was recognized by the Circuit Court of Appeals of the Sixth Circuit in Byers v. Carnegie Steel Co., 159 Fed. 347, 86 C. C. A. 347, 16 L. R. A. (N. S.) 214, in which it was held that when the character of an accident, and the circumstances under which it occurred are such as to point strongly to an abnormal and dangerous condition of machinery, and to its long-continued existence under circumstances which indicated that the employer by reasonable care should have known of such condition and that the employé assumed no risk thereof, the relation of employer and employé does not forbid an inference of the employer's negligence from the fact of the accident.

In Westland v. Gold Coin Mines Co., 101 Fed. 59, 41 C. C. A. 193, the defendant had constructed a stull for the use of its employés in a narrow and dark fissure in a mine, 900 feet beneath the surface of the earth, knowing that it would be weighted at times with tons of earth and rock; but the stull was of insufficient strength or improperly constructed, and gave way, causing the death of plaintiff's intestate. Judge Thayer, in delivering the opinion of the court, said:

"The fact that the stull fell demonstrates that it was insufficient to support the load with which it was burdened at the time it fell. The case in hand, then, is not of that kind of which it may be said that the occurrence of the accident affords no evidence of negligence."

In Sullivan v. Rowe, 194 Mass. 500, 80 N. E. 459, the accident was held to be of itself evidence of negligence of the employer in his failure to give the employé a safe place in which to work, in that the machinery was defective, and its defect should have been discovered by proper inspection. In Hemphill v. Buck Creek Lumber Co., 141 N. C. 487, 54 S. E. 420, it was held that a presumption of negligence arose from the fact that a brakeman was injured because of the derailment of a car on which he was riding, which occurred through the spreading of the track which rested on rotten cross-ties; and in Sackewitz v. American Biscuit Mfg. Co., 78 Mo. App. 144, where the plaintiff, while working in a factory, was struck by the falling of a piece of timber, it was held that the circumstances were such as to create a presumption of negligence. Similar cases are Moynihan v. Hills Co., 146 Mass. 586, 16 N. E. 574, 4 Am. St. Rep. 348; Gorman v. Milliken, 42 Misc. Rep. 336, 86 N. Y. Supp. 699.

[3, 4] The substance of the complaint in charging negligence in the present case is that the defendant negligently and carelessly had and kept stored, in the building in which it was engaged in manufacturing dynamite, a great quantity of dynamite and other high explosives, approximately 30,000 pounds. From the very nature of the allegations, the assumption that the negligence may have been the act of a fellow servant is excluded, and it would seem, therefore, that the maxim "res ipsa loquitur" should apply; for the defense of assumption of risk is one that under the practice in California must be pleaded by the defendant. Magee v. North Pac. C. R. Co., 78 Cal. 430, 21 Pac. 114, 12 Am. St. Rep. 69.

[5, 6] But, irrespective of any presumption that should be indulged upon the allegations of the complaint, we are of the opinion that, while those allegations may be open to objection for want of definiteness, an objection which should have been presented by a motion to make them more definite and certain, they are sufficient as against a demurrer for want of facts to constitute a cause of action. In Stephenson v. Southern Pac. Co., 102 Cal. 148, 34 Pac. 620, the court said:

"It is held in this state, and nearly all of the United States, that it is sufficient to allege the negligence in general terms, specifying, however, the particular act alleged to have been negligently done."

In Sante Fé, P. & P. Ry. Co. v. Hurley, 4 Ariz. 259, 36 Pac. 217, the plaintiff was employed by the defendant as a brace or spud holder about a certain pile driver. The complaint alleged that the—

"said pile driver, at which plaintiff was so placed as said employé of said defendant as such brace or spud holder in operation of the same, was, as it was then used and managed by the defendant by and through its superintending foreman and managing agent, unsafe, defective, and insecure, of which the defendant at the time had notice; * * * that the weight used in connection with the operation of said pile driver escaped from its fastenings and fell with such force," etc.

The court said, in construing the language of the complaint:

"We should make every reasonable intendment, and read and apply the terms in their natural and usual sense, and sustain the pleading, if possible. Now, taking the words in their ordinary and usual sense, their meaning is that the injury was the immediate result of the weight escaping from its fastening and falling upon the plaintiff's hand and arm. The reasonable intendments are that it escaped because it was insecurely fastened, and that for that reason it was defective and unsafe, and, being so, the defendant used it."

In Rathbun v. White, 157 Cal. 248, 107 Pac. 309, the plaintiff alleged that the defendants—

"did negligently keep and store on said premises Hercules, dynamite, giant powder, gunpowder, and nitroglycerine and other similar highly explosive substances, and also a large quantity of gunpowder, sporting powder, and blasting powder, to wit, more than 50 pounds, and not in a box with its top or side exposed to view, nor as near the main entrance of said building as practicable."

It was further alleged that the said dynamite, etc., so stored and kept in said building, exploded. Certain of the allegations of negligence pointed to a violation of an ordinance regulating the method of storage. The contention was made that the complaint was framed on the sole theory that the defendants had violated the ordinance, and that there was no issue concerning any other negligence. But the court pointed to the fact that the complaint alleged that the defendants—

"negligently kept and stored Hercules, dynamite, giant powder, and gunpowder, and that the explosive so kept exploded."

Said the court:

"It is sufficient, under the rule well settled in this state, to charge negligence by the general averment that the defendant negligently did the particular act which resulted in damage to plaintiff."

In Wild v. O. S. L. R. Co., 21 Or. 159, 27 Pac. 954, the allegation of negligence was that the defendant failed to provide a safe place for the plaintiff to work—

"but negligently and carelessly caused and permitted a locomotive and cars then upon its tracks to run up against the car, upon which the plaintiff was working as aforesaid, with great violence."

The court held that the allegation was broad enough to admit evidence of all kinds and degrees of negligence on the part of the defendant, which resulted from causing or permitting the locomotive to run down upon the place where the plaintiff was at work, and quoted with approval the language of the opinion in Hildebrand v. Railroad Co., 47 Ind. 399, where it was said:

"No authority can be found, where negligence has been directly charged against the defendant, that a demurrer for want of sufficient facts has been sustained."

In O'Brien v. Corra-Rock Island Min. Co., 40 Mont. 212, 105 Pac. 724, the complaint alleged that:

"The defendants had negligently and wrongfully stored and were keeping negligently a large and dangerous quantity of dynamite, about 500 pounds."

And it alleged that the death of O'Brien—

"was caused proximately by the said defendants having thus stored negligently said large and dangerous quantity of dynamite."

The appellate court sustained the judgment which the plaintiff recovered, but no question was raised as to the sufficiency of the allegations of the complaint.

In Tissue v. Baltimore & O. R. Co., 112 Pa. 91, 3 Atl. 667, 56 Am. Rep. 310, it was held that whether or not there was negligence in placing a dynamite magazine where its explosion killed an employé engaged in the ordinary discharge of his duty in no way connected with the magazine, or whether the explosion was the result of an accident which no ordinary human foresight could provide against, was a question for the jury. The court said that the inquiry was—

"as to the negligence of the company in permitting so great a quantity of dynamite to be placed in such position that an accidental explosion of it might result in death or injury to its servants."

In Lykiardopoulo v. New Orleans & C. R. Light & Power Co., 127 La. 309, 53 South. 575, Ann. Cas. 1912A, 976, the plaintiff's intestate, an employé of the defendant, was killed by the explosion of a boiler. The complaint alleged that the explosion—

"was caused by defendant's negligence and want of skill and attention; that defendant failed to care for said boiler, and by its negligence and want of skill and attention the boiler was weakened and unable to carry the steam pressure to which the defendant negligently subjected it."

The complaint was excepted to on the ground of vagueness, and for failure to specify the particulars out of which arose the negligence charged against defendant. The court held the complaint sufficient, in that it attributed the explosion to no inherent defect in the boiler, but to the defendant's want of care and skill in its operation. The court said:

"Ordinarily, where only the ultimate facts are alleged, and particulars are called for, the court should require the pleader to give the particulars intended to be relied upon; but cases readily suggest themselves which ought to be an exception to that rule, and the present case would seem to be one of them, for the reason assigned by the learned trial judge, namely, that the manner of the operation of this boiler was peculiarly within the knowledge of the defendants. In cases where the plaintiff cannot be expected to have any information as to the causes of the accident, whereas the defendant, on the contrary, must be assumed to be fully informed on the subject, and where the accident is of the kind which ordinarily do not occur when due care has been exercised, the rule of evidence is that the accident speaks for itself—res ipsa loquitur; that is to say, that a presumption of negligence arises from the fact itself of the accident. In such cases, the plaintiff not only need not allege the particular acts of omission or commission from which the accident has resulted, but need not even prove them. The accident itself makes out a prima facie case, and the burden is on defendant to show absence of negligence. Res ipsa loquitur. That rule is of peculiar applicability in cases of boiler explosions."

In Brown v. West Riverside Coal Co., 143 Iowa, 662, 120 N. W. 732, 28 L. R. A. (N. S.) 1260, the plaintiff charged the defendant with negligence in failing to provide the deceased with a safe

place in which to work, in storing and keeping powder, dynamite, and caps in a building which was the only place provided for the workmen to deposit their tools, clothing, and lunches, and in bringing into said shanty where such explosives were kept a telephone connected with wires upon which electric currents were admitted, or liable to be conducted, without due regard to the danger of such wires becoming overcharged and causing an explosion, such as did in fact result. The court said:

"The negligence charged in this case is not founded upon the use of explosives in the prosecution of the defendant's work, but in the alleged lack of care in keeping and storing them. This, under all ordinary circumstances, is a question of fact. * * * It is also argued that, even if the defendant was negligent in keeping the explosives in the shanty, we are wholly without evidence from which to find that this failure of duty was the proximate cause of the disaster. 'Who can tell,' counsel ask, 'what was the cause of the explosion—whether lightning, or some reckless or thoughtless act of the workmen?' * * * The argument is a plausible one, but we think it cannot prevail. It is very true that it is not within human power to discover and make known with certainty all of the immediate circumstances attendant upon this tragedy, but such exact and detailed proof is not required."

The judgment is reversed, and the cause is remanded for further proceedings.