Succession of Benn et al., Plaintiffs and Appellants, *v.* Successors of C. & J. Fantauzzi, Defendants and Appellees.

Appeal from the District Court of Guayama in an Action for Damages.

No. 3151.—Decided November 7, 1924.

Damages—Negligence—*Res Ipsa Loquitur.*—To let slide down a grade on a dark and rainy night a railway car inside of which was a tank containing petroleum raises a presumption of negligence in a case for damages suffered from an accident resulting from the said act, inasmuch as the doctrine of *res ipsa loquitur* applies.

Pleading—Misjoinder—Formal Defect.—When there is a misjoinder of causes of action and a demurrer on that ground is overruled and the defendant does not appeal from that ruling, such misjoinder becomes a mere defect of form and the law of the case is that the plaintiffs, under such circumstances, may proceed on each cause of action.

The facts are stated in the opinion.

Messrs. C. Domínguez Rubio, A. Rodríguez and J. Valldejuli for the appellants.

Messrs. M. A. Martínez and T. Bernardini for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The defendant, Successors of Fantauzzi, is the owner of a sugar mill, of a railroad and of a tank, which said tank the complainants allege caused the damage in this case. The said tank was placed upon a car and the car was standing on the top of a hill near a declivity. The tank was placed on the car and contained thousands of gallons of petroleum. On a dark night and after a rain the defendant's agents started to move this car and tank loaded with petroleum to another spot. There was an immediate incline at the place from which the start was made, and due to the wet condition of the rails the car started, ran over a bridge, went down a declivity and the tank was upset and the contents poured out. Part of the contents injured the property of the complainants. Some of the said petroleum entered through the windows of the house belonging to the father of the complainants. The complaint alleged that the petroleum actually reached the body of the said father, who was lying there ill, and injured him, causing his death. The proof is, however, that he was not actually touched by the petroleum. The said father died a few weeks later, but the evidence of the physician of both the complainants and the defendant tends to show that the said father was a very old man and died of natural causes and not by reason of any shock received from the inundation of the petroleum. The court dismissed the complaint in every respect and made findings and conclusions at law in favor of the defendants.

We find no reason to reverse the finding of the court with regard to the fact that the father of the complainants died from natural causes and that hence the accident was not the

proximate cause of the death.   It is unnecessary to consider in great detail whether the complainants' children would be entitled to damages for mental suffering.   We are inclined to agree with the defendant that compensation for such mental suffering is generally only given as an addition or as an aggravation to the damages suffered by a person himself.

The court, however, also found that the defendant was not guilty of negligence and that the doctrine of *res ipsa loquitur* was inapplicable to the facts of this case.   The court intimated that it might have applied the doctrine of *res ipsa loquitur* if the complaint and the tendency of the complainants themselves were not to charge negligence directly.   The citations of *Louisville & Nashville R. R. Co.* v. *Kitty Comley,* L.R.A. 1917 C, 977; *San Juan Light* v. *Requena,* 224 U. S. 90; *Chicago, Rock Island, & Pacific Railway Company* v. *Roger McKone,* 42 L. R. A. (N. S.) 709; *Lucid* v. *DuPont,* 199 Fed. 377, and 20 R. C. L. 184 *et seq.,* of both parties, rather convince us that in a case like the present the doctrine of *res ipsa loquitur* would apply.   In other words, that there was an instrumentality exclusively under the control of the defendant and a dangerous instrumentality, and if this dangerous instrumentality was permitted to slide down hill producing damage, we think there would be a presumption of negligence.

Moreover, the evidence convinces us that the defendant's agents were, in fact, negligent.   It was a dark night and it had rained and one of the defendant's agents showed that he knew that the car was likely to slide when set in motion after a rain.   The defendant's agents, it is true, did everything they could to stop the car after it started, but the brakes apparently were insufficient for the purpose.   Immediately after leaving its place of rest the car had to cross a bridge whereon the defendant's agents could do nothing.   We conclude that the doctrine of *res ipsa loquitur* applies; that

the defendant did not disculpate itself; that, on the contrary, the evidence tends to show negligence.

The complaint in this case included an action not only for the death of the father, but also for damages done to the property of the complainants. We are inclined to think that there was an improper joinder of actions, but a demurrer to this effect was overruled by the court and the defendant did not appeal. That the complainants might proceed on each cause of action became then the law of the case and the improper joinder, if anything, was a mere defect of form. The claim of the complainants for damages to their property amounted to $500. The evidence and the opinion of the court show that this damage amounted to $225. As we have found that the defendant was guilty of negligence and as the complainants' property was injured to this extent, the judgment must be reversed and another rendered for the complainants in the sum of $225.

As this is a reversal and as the complainants have been only partially successful, we shall impose no costs.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.