## NEW ENGLAND TERMINAL CO. v. GRAVER TANK & MFG. CORPORATION.

### No. 2660.

District Court, D. Rhode Island.

March 20, 1937.

William A. Needham, William A. Gunning, and Albert A. Baker, all of Providence, R. I., for plaintiff.

Henry C. Hart and Hart, Gainer & Carr, all of Providence, R. I., for defendant.

MAHONEY, District Judge.

This cause came on to be heard on demurrer to the third amended declaration.

The declaration contains five counts. The first count involves the doctrine of res ipsa loquitur, and reasons for its alleged validity and defects have been urgently presented by counsel in oral arguments and in briefs. It contains the allegation that: "The defendant, through its agents and servants, was in sole and exclusive control and management of said tank which it had constructed and of the pressure-testing thereof as aforesaid, and was likewise in sole and exclusive control and management of the then contents thereof, to-wit, 80,000 barrels of water, which the defendant had caused to be placed therein in and for said pressure-testing, and that said tank then and there collapsed by reason of some defect or defects in the construction thereof, of which the plaintiff then had and now has no knowledge or means of knowledge, but of which the defendant well knew, or but for the want of reasonable care and diligence would have known, which defect or defects were caused by the negligence of said defendant."

This language seems to bring the action within the operation of the doctrine of res ipsa loquitur, but this language does not stand alone. The count also contains the allegation "that said defendant, through its agents, servants and employees, was on, to-wit, the first day of November, 1933, engaged in and about erecting, constructing and completing for said James B. Berry Sons' Company, Incorporated, on premises owned by the latter, which immediately adjoins and lies, to-wit, north of said premises of the plaintiff, a completely erected and tested circular metal storage tank designed to contain, to-wit, 80,000 barrels of liquids, to-wit, petroleum products; that on, to-wit, the first day of November, 1933, the defendant had completed the erection of said tank, which was near the premises of the plaintiff and a certain pump-house thereon, and had caused said tank to be filled with water for the purpose of pressure-testing the same, and had retained the title to said tank as personal property in accordance with the contract between the defendant and said James B. Berry Sons' Company, Incorporated, providing for the construction thereof."

It is clear that reference is made in said count to a contract for the construction of said tank, which said contract is an exhibit in this cause. It is equally clear that said contract contains provisions which demonstrate that the sole and exclusive control of the instrumentalities which might have

brought about the injury and damage complained of was not under the defendant. While it is not recited within the written boundary of said count what the terms of said contract are, literal reference is made to said contract and said contract contains the provision that:

"The Graver Tank & Mfg. Corp. of East Chicago, Indiana hereinafter known as the Seller, proposes to the James B. Berry Sons Company, Inc., of Oil City, Pennsylvania, hereinafter known as the purchaser, to furnish, deliver and erect on foundations furnished by purchaser at Tiverton, Rhode Island, the following:

"One (1) Storage Tank," etc.

And said contract also contains the following provision: "Foundations: You (referring to the James B. Berry Sons' Company, Inc.) are to furnish at practically ground level, foundations which are uniformly firm, free from defects, and which are to be kept free from water and in good condition during erection. Any expense incurred by reason of defective foundations such as excessive settling is to be borne by you" (referring to the James B. Berry Sons' Company, Inc.).

The allegation of "sole and exclusive control and management" of the tank and its contents does not include exclusive control of the conditions referred to in said contract. It does not appear in the allegations of this count that the thing which caused the injury complained of is shown to be under the sole and exclusive control of the defendant.

"The doctrine of res ipsa loquitur involves an exception to the general rule that negligence must be affirmatively shown, and is not to be inferred, and the doctrine is to be applied only when the nature of the accident itself, not only supports the inference of the defendant's negligence, but excludes all others." Lucid v. E. I. Du Pont de Nemours Powder Co. (C.C.A.) 199 F. 377, 378, L.R.A.1917E, 182.

"* * * it is essential that it shall appear that the transaction in which the accident occurred was in the exclusive management of the defendant, and all the elements of the occurrence within his control, and that the result was so far out of the usual course that there is no fair inference that it could have been produced by any other cause than negligence. If there is any other cause apparent to which the injury may with equal fairness be attributed,

the inference of negligence cannot be drawn." East End Oil Co. v. Pennsylvania Torpedo Co., 190 Pa. 350, 42 A. 707, 708.

"The doctrine does not apply where the thing occasioning the injury was not under defendant's control. Sylvia, Adm'r, v. Newport Gas Light Co., 45 R.I. 515, 124 A. 289. The application of this doctrine is limited by the following considerations: (1) The apparatus or thing must be such that in the ordinary instance no injury would result unless from a careless construction, operation, or user; (2) both inspection and user must have been at the time of the injury in the control of the party charged with neglect; and (3) the injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured." Kilgore v. Shepard Co., 52 R.I. 151, 158 A. 720, 721, and authorities cited.

In San Juan Light & Transit Co. v. Requena, 224 U.S. 89, 32 S.Ct. 399, 401, 56 L.Ed. 680, the court said: "* * * when a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things, does not occur if the one having such control uses proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from the defendant's want of care." And authorities cited.

It does not appear that the direct cause of the accident, or so much of the surrounding circumstances as was essential to its occurrence, was within the sole control and management of the defendant so that it is not unfair to attribute to it the prima facie responsibility for what happened. The allegations contained in this count do not bring it within the principle of res ipsa loquitur.

■ This count is defective in that it does not state in what particular respects the defendant was negligent.

■ It is objectionable on the ground of duplicity because it sets up two distinct breaches of duty, viz.: (1) Neglect "to use due care so to construct, erect and complete said tank that it would be reasonably safe and secure to store and hold fluids therein"; and (2) neglect in placing in said tank "any fluid, particularly, large quantity of water, while pressure-testing said tank in the course of completing the same while the said tank was not safe and secure to hold the same."

In sustaining the demurrer to this count upon the foregoing grounds, it is not necessary to consider the further objections to said count.

The demurrer to the second count states that "it is vague and uncertain in the reference contained therein to 'certain well-known strains and stresses.'" This reference is to the words "well-known." During the course of the argument in open court it was stated by counsel for the plaintiff that the words "well-known" should be stricken out. It is on this understanding that the demurrer to the said count is considered.

This count sufficiently states a cause of action. The allegations are not argumentative; they contain the reasonable certainty required by good pleading; and they are specific enough to inform said defendant of the nature of the cause of action against it as the nature of the cause reasonably permits.

It does appear, and is sufficiently stated in this count, in the light of the surrounding circumstances, as recited in said count, that the damages sustained by the plaintiff appear to have been a natural and probable consequence of the alleged negligence of said defendant.

It is alleged "that on, to wit, the first day of November, 1933, the defendant had completed the erection of said tank." This language does not denote delivery of said tank and the passing of title to the purchaser. The allegations of said count demonstrate that said tank was being tested when the alleged negligence and resulting damage complained of occurred. It does not seem that the doctrine of privity of contract applies under the facts set forth in said count and it need not be alleged.

The reasons which have hereinbefore been given for overruling the objections to the validity of said second count apply with equal force to the same objections which have been made to counts 3, 4, and 5. But the additional objection to the last three counts is made that they are bad for duplicity. The facts alleged in these said counts constitute one single proposition or transaction. The general frame and structure of the counts is not double in its nature. The counts are not bad for duplicity.

The demurrer to the first count is sustained. It is overruled as to the second, third, fourth, and fifth counts.