CHARLES E. WHITTAKER, AS ADMINISTRATOR, ETC., OF EUGENE K. WHITTAKER, DECEASED, RESPONDENT, v. THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, APPELLANT.

*Injuries sustained by an employee through the negligence both of co-employees and of the master—the latter is not liable unless, without his negligence, the accident would not have happened—when the General Term will grant a new trial, although no exception was taken, because of an error in the charge.*

On the trial of this action, brought to recover damages for the killing of the plaintiff's intestate by reason of the alleged negligence of the defendant, it appeared that a locomotive, on which the intestate was employed as a fireman, after helping a west-bound freight train from Schenectady to Quaker street, was detached from the freight train, obtained a supply of coal and water, ran on to the east-bound traffic track and stopped a short distance east of the depot, where it stood with its head to the west, without a light on that end, but with a light on the other end, which, for the purpose of the return trip to Schenectady, was to be the head. While the engine was standing as above described, the engineer having entered the depot for orders, an east-bound train, on which the plaintiff's intestate was firemen, arrived from the west and collided with the locomotive; as a result of which the plaintiff's intestate was killed

On the day preceding the accident the head-light of the locomotive, having been broken in a snow-drift, was removed for the purpose of being repaired, and had not been restored.

The plaintiff alleged that the absence of the head-light was the cause of the accident, and that the defendant was negligent in sending out the locomotive without a head-light. The defendant alleged that the accident was caused by the negligence of the decedent's co-employees in violating rules of the defendant by running the engine upon the main track without a special order, and in not approaching the station cautiously. The jury were instructed that even if they found that the co-employees of the plaintiff's intestate were guilty of negligence, yet if

they found that the defendant was negligent in allowing its engine to run without a head-light, and that negligence contributed to the injury,' the plaintiff could recover.

*Held,* that the court erred in so charging.

When a case has been submitted at circuit to a jury, upon a theory which is wholly erroneous, the General Term has power, and it is its duty, to grant a new trial because of the erroneous instruction, although an exception was not taken thereto.

APPEAL from a judgment of the Circuit Court, entered in the clerk's office of the county of Otsego, on July 13, 1887, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Edwin Young,* for the appellant.

*H. E. Bundy,* for the respondent.

FOLLETT, J. :

Appeal from a judgment entered on a verdict, and from an order denying a motion for a new trial made on the minutes and heard in this court on a case containing exceptions.

February 25, 1885, Eugene K. Whittaker, plaintiff's intestate, was the fireman on defendant's freight train No. 28, which was running east and due at Quaker street at 5.25 A. M. The Boston express, No. 6, a passenger train running east, was also due at Quaker street at 5.25 A. M. The time represents not the time of arrival but the time of the departure of trains from the stations. From Quaker street the defendant has two roads, one to Albany and one to Schenectady. During the nights of February 24 and 25, 1885, locomotive No. 82 helped a west-bound freight train from Schenectady to Quaker street, reaching the last-named station before 5.25 A. M. of February twenty-fifth, the precise hour of its arrival not appearing. This locomotive ran in about the center of the freight train which it helped, and neither used nor needed a light on either end during its trip to Quaker street. The engineer of No. 82 was under general orders to help the freight train to Quaker street, and then back his locomotive to Schenectady, pursuant to such special orders as he might receive. After reaching Quaker street No. 82 was detached from the freight train, coaled, watered, run on to the east-bound traffic track and stopped a short distance east of the depot, where it

stood, with its head to the west, without a light on that end, but with a light on the other end, which, for the purpose of the return trip to Schenectady, was to be the head. The engineer in charge of No. 82 left it standing as above described, entered the depot for orders, and while so standing train No. 28, on which plaintiff's intestate was fireman, arrived from the west and collided with locomotive No. 82, killing the plaintiff's intestate. February 24, 1885, the head-light of locomotive No. 82 was broken in a snow-drift, and when No. 82 was returned to the round-house at Mohawk the foreman of the round-house and repair shop was notified of the condition of the head-light, which was then removed for the purpose of being repaired and restored, but was not replaced before No. 82 was sent to help the freight train to Quaker street.

The plaintiff alleges that the absence of the head-light was the cause of the accident, and that defendant was negligent in sending out the locomotive without a head-light. The defendant alleges that the accident was caused by the negligence of decedent's co-employees: (1.) By the violation by the engineer of locomotive No. 82 of defendant's fourteenth rule, which provides: " No work train, engine, or irregular train of any kind, will be allowed upon the main track, without having previously received special orders from the superintendent." (2.) By the violation by the engineer of train No. 28 of defendant's forty-third rule, which provides: " Engineers must approach and pass all stations cautiously, whether they are to stop or not."

The engineer of locomotive No. 82 had not received special orders permitting him to run his locomotive onto the east-bound traffic track and stop it near the depot. That it was a negligent act to do this and leave the locomotive standing there unguarded so near the time when two trains were due upon the same track is quite clear. The engineer of train No. 28, called by the plaintiff, testified that sometimes he ran through Quaker street four or five miles an hour; generally ran through about four miles an hour, and that there was a rule forbidding the running of trains past stations at more than four miles an hour. He testified that at the time of the collision he was running faster than usual through that station; running, when they collided, eight or ten miles an hour; and just before this was running eighteen miles an hour. The conductor testified that

they were running at the time of the collision about eight miles an hour. The brakeman testified that they were running about five or six miles an hour just before they collided. These witnesses were all called by the plaintiff.

"When several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributable to all or any of the causes; but it cannot be attributed to a cause, unless without its operation the accident would not have happened." (*Ring* v. *City of Cohoes,* 77 N. Y., 90; *Ehrgott* v. *Mayor, etc., of New York,* 96 id., 264, 283; *Searles* v. *The Manhattan Railway Co.,* 101 id., 661; *Taylor* v. *City of Yonkers,* 105 id., 202, 208.) Each of the three acts above enumerated may have been one of several causes, each contributing to the accident. The defendant is not liable to its employees for the damages resulting from two of the causes, and the jury should have been instructed that the defendant was not liable unless they found the accident would not have happened but for the absence of the head-light. Instead of this, the jury was instructed: "If you find from any of the evidence in this case that the deceased, by any act of his of negligence, contributed to bring about this injury, then the plaintiff cannot recover. If this injury was brought about in consequence of the negligent act of any one of the employees, or of the employees upon train No. 28, that is, if it was solely attributable to that, and what I mean by solely attributable to that, independent of any carelessness on the part of this company. If this injury was brought about by the negligence or carelessness of any one of the employees, or the employees engaged upon train No. 28, then the plaintiff cannot recover if this injury was brought about in consequence of any negligence or negligent act on the part of the engineer, or any person having in charge the engine that was called the helper, if that was the cause of this injury, independent of any act of negligence on the part of the company, that is, the injury, that no act of the defendant contributed to the injury, then the plaintiff cannot recover; that the plaintiff cannot recover if this injury to the deceased was caused by the negligent act of a co-employee; so that you are to examine the facts and circumstances relating to the conduct, the acts, etc., of these respective employees that were engaged upon and around these two trains. But if you

find that, notwithstanding the fact that the employees, any one of them or all of them, upon train No. 28, if you find that they did act negligently, negligent in reference to the manner in which they run their train into that yard, that the parties, the engineer in charge of the other train, acted negligently and improperly in handling his engine and leaving it at an improper point, that he did in that act negligently, yet if the act or any negligence on the part of the defendant contributed to the injury, or that the defendant was negligent in allowing its engine to run there without that head-light, or to be used there without a head-light; if you find it was an imperfect engine, and that in consequence of that imperfection and in consequence of the negligent act of this defendant in allowing it to be used in that condition, that that act, or that fact, contributed, was one of the causes, was one of the agencies that brought about this injury, then the plaintiff can recover; so that the main questions for you to consider in this case are, whether or not this defendant was negligent in permitting this engine to be used; this engine to be taken from its shops, or taken from a point near Schenectady, and used as it was used and run into the yard at Quaker street, and held there, because, if it was a perfect engine, then, of course, they were not negligent; if it was imperfect, then the law requires— the law is that they have no right to furnish or put in use, or put into the hands of their employees, defective or imperfect machinery; that is, the plaintiff must go further; the plaintiff must show that it was in consequence of that, or that was one of the causes that contributed to the injury; so that I say the main, the principal question in this case is as to whether or not, first, was this a defective engine in consequence of the negligent act of this defendant; and if so, second, whether or not that defect did, in fact, contribute to this injury, and was it negligence on the part of the defendant to permit it to be used in that condition? If it was, then the plaintiff can recover, providing there was no contributory negligence on the part of the deceased."

The defendant excepted to the instructions, that it was liable if its acts contributed to the accident; and to the instruction, that if the negligence of the defendant was one of the causes for the accident, it was liable. This case comes before this court upon an appeal from a judgment (entered upon a verdict recovered at circuit)

and from an order denying a motion for a new trial accompanied by a case. *Probst* v. *Delamater* (100 N. Y., 266) is not an authority for the position that upon such a record the General Term is without power to reverse a judgment of the Supreme Court for an erroneous instruction, unless the trial court was asked to charge the converse of the erroneous instruction.

When a case has been submitted at circuit to a jury upon a theory which is wholly erroneous, the General Term has power, and it is its duty, to grant a new trial because of the erroneous instruction, though an exception was not taken. (*Benedict* v. *Johnson*, 2 Lans., 94; *Costello* v. *The Syracuse, etc., R. R. Co.*, 65 Barb., 92, 105; *Lattimer* v. *Hill*, 8 Hun, 171; *Vermilyea* v. *Palmer*, 52 N. Y., 471; *Hamilton* v. *Third Avenue R. R. Co.*, 53 id., 25, 27; *Standard Oil Co.* v. *Amazon Ins. Co.*, 79 id., 506.) In the two cases last cited the Court of Appeals declared that it could not grant new trials unless exceptions were taken, but that the General Term might.

The judgment and order are reversed and a new trial granted, with costs to abide the event.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order reversed on the exceptions, and a new trial ordered, with costs to abide the event.