# Cases

# FOURTH DEPARTMENT

AT

# GENERAL TERM,

## April, 1890.

---

THOMAS H. BUTLER, APPELLANT, v. THE CITY OF
OSWEGO AND HENRY M. WHITNEY, RESPONDENTS.

*Assessment of real property to a non-resident — in an action to set it aside the
burden of showing non-residence rests on the plaintiff — one request to find several
facts.*

Under section 2 of title 2 of chapter 13 of part 1 of the Revised Statutes, as
amended by chapter 152 of 1878, real property cannot, in any case, be assessed
to a non-resident.
*Johnson* v. *Learn* (30 Barb., 616), not followed.
In an action brought to set aside an assessment upon real property as illegal, and
to recover back the taxes and other moneys paid on account thereof, the burden
of proving the fact of the non-residence of a party to whom the land was assessed
rests upon the plaintiff.
A request to find one fact, coupled with other facts which latter, under the evi-
dence, the court could not properly find, does not present the question as to
whether the court erred in refusing to find the one fact requested to be found,
which might have been properly found to have been established by the evidence.

APPEAL by the plaintiff from a judgment, entered in the office of
the clerk of the county of Oswego on the 28th day of June, 1889,
after a trial before the court at the Oswego Special Term, at which
a decision was rendered in favor of the defendants directing that
the complaint be dismissed, with costs.

The action was brought to set aside an alleged illegal assessment
upon real property, and to recover back taxes and other moneys paid

out on account thereof. The assessment was laid under section 2 of title 2 of chapter 13 of part 1 of the Revised Statutes, as amended by chapter 152 of the Laws of 1878. The findings of fact by the trial court were substantially as follows:

The assessment was made in 1864 upon real estate in the second ward of Oswego, to and in the name of one William Averill, and the tax was levied thereon. The amount of the tax was not paid, but was returned as unpaid. The property was advertised and sold for the payment of the tax, amounting to eight dollars and twenty-five cents, on the 28th of October, 1865. The defendant Whitney bid in the property, paid the amount of the tax, and received the usual certificate. In 1867 plaintiff's wife purchased the property of one Charles H. Bonnell, and since then she and her husband have occupied the premises, personally or by tenants. In April, 1885, notice of the tax sale, and a requisition to redeem within three months, signed by defendant Whitney, was served upon Lewis, a tenant, and he sent it to plaintiff, who was until then ignorant of the assessment and sale. In May or June, 1885, the plaintiff sent his agent, Hamilton, thirty-three dollars with which to settle the tax claim of defendant Whitney, and Hamilton paid Whitney from these moneys twenty-seven dollars, and thereupon, August 12, 1885, Whitney surrendered the certificate of sale to the city clerk, with direction to cancel the same of record, and the same was canceled accordingly on the same day. The evidence did not show whether the property when assessed was occupied or unoccupied, who the owner then was, or whether such owner was a resident or non-resident of the city.

In the spring or summer of 1888 the plaintiff first discovered the facts upon which he claims the assessment was illegal, and then he demanded of Whitney repayment of the money that had been paid him, which was refused, and this action was brought September 6, 1888. The court was requested in behalf of plaintiff to find other facts, but declined to do so. The only requests which seem to be material to the questions involved upon this appeal are the *first* and *sixth*, which read as follows:

" 1st. As a matter of fact, under the evidence, that lot No. 287, in Block 53, 36 × 66, 100 feet front, north-west corner, was erroneously assessed to one William Averill, as the owner or occupant thereof, and as resident property in the year 1864, as appears by the

assessment-rolls of the Second and Fourth wards of the city of Oswego for that year, for $8.25.

" 6th. That as a further or additional finding of fact that William Averill was not in the year A. D. 1864, nor at any time, either the owner or occupant of the premises described in the complaint, and was not at any time a resident of the city of Oswego."

The decision was based upon the legal propositions that the plaintiff had the burden of showing that the assessment and tax were illegal, and had failed to make such proof.

*W. H. Gardenier*, for the appellant.

*Thomas H. King*, for the city, respondent.

*Charles Rhodes*, for Whitney, respondent.

WILLIAMS, J. :

The only ground upon which the plaintiff, under the evidence, could claim the assessment to be illegal was, that William Averill, to whom it was made, was a non-resident of the city of Oswego. There was no proof the person to whom it was assessed was not the owner, and it was not shown whether the property was occupied or not. The mere fact it appeared to have been twice assessed on the same roll did not show this was the invalid and the other the valid assessment. Nor did the fact of the payment of the tax levied upon the other assessment show that was the valid and this was the invalid assessment. In order to determine which was the valid assessment it would need to be shown who was the owner or occupant of the property, and such evidence was not given. There seems to be no ground upon which the assessment could have been held invalid, unless it be that Averill, to whom it was assessed, was a non-resident.

It was held in *Johnson v. Learn* (30 Barb., 616), decided in 1859, that land occupied by a person, not the owner, could be assessed to the owner though a non-resident, the court saying : " Before the amendment of 1851, the second section read as follows : § 2. ' Land owned by *a person residing in the town or ward where the same is situated, but occupied by another person*, may be assessed in the name of the owner or occupant.' "

Since such amendment it reads as follows : " Land occupied by

a person other than the owner may be assessed to *the owner, or occupant, or as non-resident lands.*"

"The change in this section is significant and important. * * * It is obvious that the statute, as amended, empowers the assessors of a town to assess lands therein situated, occupied by a person other than the owner (though owned by a non-resident), to the owner, or to the occupant, or as non-resident lands. * * * This leaves to the assessors a reasonable discretion in such cases, to be exercised with a view to the mode most likely to insure the prompt and certain collection of the tax."

In *Buffalo and State Line Railroad Company* v. *Supervisors of Erie County* (48 N. Y., 101, decided in 1871), EARL, J., says, with reference to these provisions of the statute : "Section 2 provides that land occupied by a person other than the owner may be assessed to the owner, or occupant, or as non-resident land. This section undoubtedly means that when the owner and occupant both reside in the town where the land is situated the land may be assessed to either. When the owner does not reside in the town, and the occupant does, it must be assessed to the occupant ; and when neither of them reside in the town, it must be assessed as non-resident land. * * * Taking all the provisions of the statute together, it seems to me quite plain that there is no authority for placing upon the assessment-roll for a tax, *in personam,* the name of any person not an inhabitant of the town."

In 1878, by chapter 152, this section 2 was amended so as to read as follows : "Lands occupied by a person other than the owner, may be assessed to the occupant, as lands of non-residents, or, *if the owner resides in the county in which such lands are located, to such owner.*"

In *Hilton* v. *Fonda* (86 N. Y., 347, decided in 1881) FOLGER, Ch. J., says, with reference to the provisions of the statute in question : "It is now seen that the assessors of a town have no power by law to assess lands, though lying in their town, to one who is not a resident of that town or of their county. They have no jurisdiction of his person whereby they can lawfully initiate a charge against him personally for a tax because of lands owned by him in their town. They have jurisdiction to value the lands, none to

value them against him.   The jurisdiction to value the lands as those of a non-resident does not give jurisdiction to assess them to the owner, he being a non-resident."

In *Stewart* v. *Crysler* (100 N. Y., 382, decided in 1885), FINCH, J., says, with reference to these provisions of the statute : " Before the amendment of 1878, chapter 152, the proper construction of the enactment had been determined in this court.   (48 N. Y., 101.) It was ruled that when the owner and occupant both reside in the town where the land is situated, it may be assessed to either ; where the owner does not reside in the town, but there is an occu-pant who does, it must be assessed to the occupant ; and when neither of them reside in the town it must be assessed as non-resident land. The statute as amended (in 1878) passed under our view (in *Hilton* v. *Fonda*, 86 N. Y., 346).   The result of that review was stated to be ' that the assessors of a town have no power by law to assess lands, though lying in their town, to one who is not a resident of that town or of their county.' "

The law must, therefore, be regarded as settled, that property cannot be assessed to a non-resident ; and prior to the act of 1878 could not be assessed to a person unless he was a resident of the city in which the assessment was made.   The doctrine laid down in 30 Barbour was incorrect.   So that in this case the assessment was invalid if William Averill, the person to whom it was made, was not a resident of the city of Oswego.   The plaintiff, however, had the burden of proving the fact of non-residence.

There was some evidence given on the trial upon this question by plaintiff, but it was not very satisfactory.   At one moment he seemed to be testifying from what Averill had told him and at another from his own knowledge.   The trial court did not find the fact of non-residence.   The plaintiff only requested the fact to be found in connection with other facts.   There was no request as to this fact alone.   The court could not, under the evidence, find the other facts as requested, and, therefore, properly refused to find the whole, to which an exception was taken.   It cannot be said such an exception raises the question of error in refusing to find as to the fact of non-residence alone.   But even if it does, I should be unwilling to reverse the judgment in the case because the trial court refused to find this fact upon the evidence.   The credibility of the

witness and the effect to be given to his evidence was for the trial court, and the court might well have refused to credit the knowledge or truthfulness of the witness.

I think, as found by the trial court, there was no case made out showing the invalidity of the assessment, and the complaint was properly dismissed, with costs.

The judgment should be affirmed, with costs.

HARDIN, P. J., concurred.

MARTIN, J. (dissenting):

While I concur with my brother WILLIAMS in his conclusion that the assessment in question was invalid if Averill was a non-resident, and that the burden of establishing that fact was upon the plaintiff, I am unable to concur in that portion of the opinion which results in the conclusion that the judgment should be affirmed.

It is quite manifest that the learned trial justice misapprehended the law applicable to this case; that, by reason thereof, he deemed the non-residence of Averill as insufficient to render the assessment invalid, and for that reason alone, and not because he discredited the plaintiff's evidence, he failed to find upon the question of Averill's non-residence. His opinion clearly shows this, as he says: " The evidence authorizes the finding that Averill was non-resident, but that is not enough." Again, he says: " The plaintiff was bound to also show either that the lands were unoccupied, and, therefore, non-resident, if Averill was the owner, or that Averill was not the owner."

The proof of Averill's non-residence was wholly undisputed. It is true this was proved by the testimony of an interested party, and the court was not bound to refrain from exercising its judgment or to blindly adopt his testimony. But when the court says that the evidence authorizes the finding that he was a non-resident, it becomes clearly manifest that the testimony was considered worthy of credit, and that the court would have so found but for its misconception of the law.

It may be that no exception was taken by the appellant which pointedly raised this question ; but, be that as it may, this court has the power, and it is its duty, upon an examination of the whole case, to determine whether the decision was against the weight of evidence

and contrary to law and justice, and, if of the opinion that it was, to grant a new trial. (*Whitaker* v. *D. and H. C. Co.*, 22 N. Y. St. Rep., 409; *Mandeville* v. *Marvin*, 30 Hun, 282, and cases cited in opinions.)

I am of the opinion that justice requires a reversal of the judgment, and that a new trial be granted.

Judgment affirmed, with costs.