### WHITTAKER v. DELAWARE & H. CANAL CO.

*(Supreme Court, General Term, Fourth Department. November, 1890.)*

1. MASTER AND SERVANT — EFFICIENT CAUSE OF INJURY TO SERVANT — QUESTION OF FACT.

   A locomotive, in the night, was run upon the main track a little east of the station, and left, while the engineer went to the station for orders, fronting toward the west, with a light on its rear, but no head-light,—that having been broken the previous day. An east-bound freight train collided with it, killing plaintiff's intestate, the fireman of the east-bound train. The engine was left on the main track in violation of a rule of the railroad company, and the east-bound train was passing the station at a higher rate of speed than the company's rules permitted. *Held,* that it was a question for a jury whether the absence of the head-light was not such an efficient cause of the accident as to render the company liable, by reason of its negligence, though the other causes contributing to the accident were not chargeable to the company, but to negligence of fellow-servants of deceased.

2. SAME—CONTRIBUTORY NEGLIGENCE.

   The fireman of one of defendant's locomotives was killed by collision of the engine with another, negligently left standing, at night, on the main track of the railroad, without a head-light. The engine on which the fireman was killed was at the time running at a speed greater than allowed by defendant's rules; but the fireman was engaged in getting coal from the far end of the storage, when the collision took place, and the train had begun to slow up. Its speed was solely under the management of the engineer, and not at all in the control of the fireman. *Held,* that the facts would warrant a jury in finding that he was free from contributory negligence, and that the dismissal of the action against the company for negligently causing his death was error.

Appeal from circuit court, Otsego county.

Action by Charles E. Whittaker, as administrator of Eugene K. Whittaker, against the Delaware & Hudson Canal Company, to recover damages for the death of plaintiff's intestate, alleged to have been caused by the negligence of defendant. At the trial the complaint was dismissed, and from the judgment entered thereon, and an order denying a motion for a new trial, made on a case and exceptions, plaintiff appeals. For statement of facts, see former report, 3 N. Y. Supp. 576.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Louis Marshall,* for appellant. *Edwin Young,* for respondent.

HARDIN, P. J. When this case was before us on the former appeal, (3 N. Y. Supp. 576,) a verdict had been taken for the plaintiff, and we then held it was error to instruct the jury, viz., "that even if they found that the co-employes of the plaintiff's intestate were guilty of negligence, yet if they found that the defendant was negligent in allowing its engine to run without a head-light, and that negligence contributed to the injury, the plaintiff could recover." In the course of the opinion delivered on that occasion, it was said viz.: "The engineer of locomotive No. 82 had not received special orders permitting him to run his locomotive onto the east-bound traffic track, and stop it near the depot. That it was a negligent act to do this, and leave the locomotive standing there unguarded so near the time when two trains were due upon the same track is quite clear." In that case it appeared that train No. 28, going east, "sometimes ran through Quaker street four or five miles an hour,— generally ran through about four miles an hour; and that there was a rule

forbidding the running of trains past stations at more than four miles an hour." It also appeared that on the occasion of the collision, train No. 28 was running faster than usual through that station; running, when they collided, eight or ten miles an hour. Upon the facts appearing in the case as it was presented to us on that occasion, it was said in the opinion, viz.: "When several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or any of the causes; but it cannot be attributed to a cause, unless, without its operation, the accident would not have happened." *Ring* v. *City of Cohoes*, 77 N. Y. 90; *Ehrgott* v. *Mayor, etc.*, 96 N. Y. 264; *Searles* v. *Railway Co.*, 101 N. Y. 661, 5 N. E. Rep. 66; *Taylor* v. *City of Yonkers*, 105 N. Y. 202, 11 N. E. Rep. 642. The opinion then proceeds to state, viz.: "Each of the three acts above enumerated may have been one of several causes, each contributing to the accident. The defendant is not liable to its employes for the damages resulting from two of the causes, and the jury should have been instructed that the defendant was not liable unless they found the accident would not have happened but for the absence of the head-light." We think the opinion contains nothing that justifies an inference that the defendant was not liable if the absence of the head-light was an efficient cause, without the operation of which "the accident would not have happened;" on the contrary, it seems the opinion proceeded upon the assumption that the case presented questions of fact for the consideration of a jury. We are of the opinion that the case as now presented to us, and considered in the light of the opinion to which reference has been made, called for a submission to the jury. When *Cone* v. *Railroad Co.*, 15 Hun, 177, was before this court, Judge SMITH, speaking for this court, said: "We think the true rule is that, for an injury to the servant, resulting from the negligence of the master, the latter is liable, although, by diligence on the part of a fellow-servant, the injurious effects of the master's negligence might have been prevented or averted. If the injury would not have happened but for the negligence of the master, contributory negligence on the part of the fellow-servant is no defense to the master. Within that rule, the defendant is liable in this case. Not only would the injury not have happened if the engine had been in suitable condition, but in that case, no negligence could have been imputed to the engineer." That case was affirmed, and the doctrine approved in 81 N. Y. 210. See, also, *Coppins* v. *Railroad Co.*, 48 Hun, 292; *Senior* v. *Ward*, 1 El. & El. 385; *Coal Co.* v. *Conlan*, 101 Ill. 93; *Ellis* v. *Railroad Co.*, 95 N. Y. 546; *Stringham* v. *Stewart*, 100 N. Y. 516, 3 N. E. Rep. 575.

2. We are of the opinion that whether the plaintiff's intestate was guilty of contributory negligence or not on the occasion of the loss of his life was a question of fact for the jury. We think it error to declare upon the evidence found in the appeal-book, as a matter of law, that the intestate was guilty of contributory negligence. *Hoag* v. *Railroad Co.*, 111 N. Y. 199, 18 N. E. Rep. 648. The intestate was performing his duties. He was engaged in getting coal from the far end of the storage, and moving it with a shovel to the fire, when the collision took place; and the train had begun to slow up, and its speed appears to have been solely under the management of the engineer, and not at all in the command or control of the deceased. The facts disclosed by the evidence would fully warrant the jury in finding that the intestate was free of contributory negligence. We are of the opinion that the case ought to have been submitted to the jury. Judgment and order reversed, and a new trial ordered, with costs to abide the event. All concur.