TIMOTHY CARPENTER, RESPONDENT, *v.* GEORGE Y. CARPENTER, APPELLANT.

*Contracts — breach of an agreement to support one for life in consideration of his services — the measure of damages.*

Timothy Carpenter made a verbal contract with George Y. Carpenter, under which the latter agreed to maintain the former for life, such maintenance of Timothy Carpenter to be paid for by his services.

In an action brought by Timothy Carpenter against George Y. Carpenter, who, at the end of nine years, refused any longer to maintain him, to recover the damages resulting from this breach of contract, the plaintiff was allowed to recover for the value of his services, in excess of the value of maintenance during the whole period of his service, about nine years.

Upon an appeal by the defendant from this judgment:

*Held*, that it was erroneous.

That the plaintiff was only entitled to recover the value of so much maintenance as the defendant had failed to furnish prior to the commencement of the action, and the prospective expense of his maintenance during the rest of his life.

APPEAL by the defendant George Y. Carpenter from a judgment of the Supreme Court, entered in the office of the clerk of Saratoga county on the 10th day of May, 1892, upon a verdict for the plaintiff for $750 after a trial at the Saratoga Circuit before the court and a jury.

*S. M. Richards* and *T. F. Hamilton*, for the appellant.

*H. P. Pendrick* and *J. W. Houghton*, for the respondent.

PER CURIAM.

We think the rule of damages adopted below wrong. Plaintiff, having lived with and been maintained by defendant for about nine years under a verbal contract, by which the latter, in consideration of the services to be performed by the former, was to board and maintain him during the remainder of his life, on a subsequent breach of the contract, was suffered to recover the value of his services over the value of the maintenance furnished for the whole period he had lived with defendant.

During said period the work done by plaintiff was paid for, as provided in the contract, by his board and maintenance.

During two years, or about that period, prior to the commencement of the action defendant failed to board and maintain plaintiff pursuant to the contract. The rule of damages in such a case, under such a contract, is well settled. Plaintiff was entitled to recover the expense of his support, which defendant had failed to furnish as provided by the contract before the commencement of the action, and the prospective expense for such maintenance during the balance of his life. (*Shaffer* v. *Lee*, 8 Barb., 412; *Schell* v. *Plumb*, 55 N. Y., 592.)

We think this one of those instances of the submission of a case to the jury on an erroneous theory, where, although no exception was taken to the charge, a new trial should be granted. (*Whitaker* v. *D. and H. Canal Co.*, 22 N. Y. St. Rep., 409.)

But on the trial the appellant did object to evidence offered to show the value of respondent's services at the time he lived with appellant " as not the proper measure of damages." The court overruled the objection and an exception was taken. We think the court erred in so ruling for the reason above stated. We have

read carefully respondent's supplemental brief, but are of opinion that said evidence as to the value of respondent's services under the complaint, and the theory adopted by the plaintiff and the court on the trial, was incompetent for any purpose.

The judgment should be reversed and a new trial granted, costs to abide the event.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Judgment reversed, new trial granted, costs to abide the event.