[No. 7576.   Decided November 14, 1908.]

SAMUEL N. GUSTIN et al., Appellants, v. LAURA S. CROCKETT et al., Respondents.[1]

CANCELLATION OF INSTRUMENTS—GROUNDS—FRAUD—WILFUL VIOLA-TION OF AGREEMENT FOR SUPPORT — EQUITY—PLEADINGS—RELIEF GRANTED. Where a daughter-in-law and son advanced the money to enable the son's parents to make improvements and complete the purchase of lots, which were deeded to the daughter-in-law under an agreement that the same were to belong to her after the death of the old people, who were to be allowed to live thereon during the re-mainder of their lives, but who were subsequently evicted by the daughter-in-law, equity will, upon the ground of presumed fraud in the first instance, decree a rescission of the contract upon repayment of the advances and interest, where the old people sought such relief in an action to declare the deed a mortgage and to redeem therefrom, although there was no proof of the allegation that the deed was in-tended as a mortgage; wilful violation of such an agreement being sufficient ground for cancellation of the deed.

Appeal from a judgment of the superior court for King county, Albertson, J., entered January 30, 1908, in favor of the defendants, dismissing an action to reform a deed as a mortgage, and to redeem therefrom, after a trial on the merits before the court without a jury. Reversed.

*Parker & Brown*, for appellants.

*Blaine, Tucker & Hyland* and *Robert C. Saunders*, for re-spondent Crockett.

RUDKIN, J.—In the month of June, 1900, the plaintiffs entered into a contract with C. D. Hillman for the purchase of the seven lots now in controversy. The contract price was

[1]Reported in 97 Pac. 1091.

$325, ten dollars of which was paid when the contract of purchase was made. The lots when purchased were covered with stumps, logs and brush, were wholly unimproved, and the plaintiffs were practically without means. The defendant Laura S. Crockett was at one time the wife of a son of the plaintiffs, but prior to the transactions here complained of the son died, and the widow became the wife of Hugh B. Crockett, since deceased. The Crocketts advanced money to the plaintiffs from time to time to enable them to improve the property and make payments under their contract.

About the month of May, 1901, the plaintiffs were endeavoring to negotiate a loan on the property to pay off the balance due on the purchase price, and the plaintiff, Samuel N. Gustin informed the defendant Laura S. Crockett of their intentions in that regard. She advised him not to mortgage the property, that he was growing old and infirm and might lose the property by foreclosure; that she and her husband would advance the necessary funds to pay the balance due on the purchase price, and that the Gustins could deed the property to her and continue to live there during the remainder of their lives, after which the property would come to her. After talking the matter over, the plaintiffs assented to this arrangement, the property was deeded to the defendant Laura S. Crockett, and advances were made by the Crocketts to the amount of $470 in all. The plaintiffs continued to live on the property about four or five years after the execution and delivery of this deed, made permanent improvements on the lots of the value of about $1,000, and paid taxes from 1900 to 1903 inclusive.

On October 14, 1903, the defendant Laura S. Crockett deeded the property to her husband, Hugh B. Crockett, and on the 19th day of April, 1904, the Crocketts mortgaged the property to the defendant Janisch to secure a loan of $650. In the latter part of the year 1905 and the early part of the year 1906, the plaintiffs were twice ejected from the property under writs of restitution issued out of the superior court of

King county in unlawful detainer proceedings at the suit of the Crocketts, and this action was thereupon instituted to declare the deed from the plaintiffs to the Crocketts a mortgage, and praying that the plaintiffs might be permitted to redeem, and for general relief.

The action was tried before the court without a jury. No findings of fact or conclusions of law were made, but soon after the case was submitted, the court announced its decision setting forth the facts as we have detailed them, and directed a judgment for the plaintiffs. Findings were thereafter submitted, but the court then concluded that the plaintiffs were not entitled to the relief demanded, under the allegations of their complaint, and dismissed the action. From this judgment the plaintiffs have appealed.

In its final disposition of the case, the court below held: First, that the proofs utterly failed to show that the deed from the appellants to the respondent Laura S. Crockett was given as security or was intended as a mortgage; and second, that the deed could not be cancelled for fraud unless it appeared from the testimony that the respondent Laura S. Crockett intended to defraud the appellants at the time of the execution of the deed; and the court was unable to so find.

In its first conclusion the court was manifestly right, for there is not in the record the slightest testimony tending to show that the deed was given as security or was intended as a mortgage. In fact, the contrary clearly appears from the testimony of the appellants themselves. If the deed cannot be set aside for fraud unless the proofs show that the instrument was fraudulent in its inception, we are not prepared to say that the court was in error; but such, in our opinion, is not the law. The respondent Laura S. Crockett was at one time the daughter-in-law of the appellants, and while that relation had ceased through the death of the son, the relation between them was still one of trust and confidence, and the court so found. The agreement on the part of the respondent Laura S. Crockett and her deceased husband that the appel-

lants should occupy the property during their lives was an integral part of the grant itself, and was in part the consideration for the grant. Where there is a wilful and wrongful violation of such an agreement, a court of equity will grant relief; and as said by the court in *Oard v. Oard*, 59 Ill. 46, and approved in *McClelland v. McClelland*, 176 Ill. 83, 51 N. E. 559, "If the rescission of the contract cannot be referred to any other head of equity jurisdiction, it would be proper to presume that it was made in the first instance with a fraudulent intent."

This is but the common instance of people who are old and infirm conveying their property to their children, or to others in whom they have trust and confidence, where the consideration for the conveyance is, in whole or in part, an agreement for future support and maintenance. In such cases courts of equity have never failed to rescind the contract and cancel the deed for a wilful violation of the agreement to support and maintain, and they never inquire whether the transaction was fraudulent in its inception or not. The wilful and wrongful violation of the agreement is in and of itself ample ground for the rescission. *Payette v. Ferrier*, 20 Wash. 479, 55 Pac. 629, and cases cited. Nor do we find any difficulty in granting such relief under the allegations of the complaint. The facts are set forth in the complaint substantially as we have stated them, and the allegation that the deed was given as security or was intended as a mortgage is a mere conclusion of the pleader not warranted by the other facts.

The judgment of the court below is therefore reversed, and the case is remanded to that court with directions to cancel and annul the two deeds under which the respondent Laura S. Crockett claims, upon the payment into court of the sum of $470, with legal interest from the date of the advancements made by the respondent Laura S. Crockett and her deceased husband. The money thus paid in will be applied on the mortgage executed by the respondent Laura S. Crockett and her deceased husband to the respondent Janisch, and the court

will so frame its decree as to protect the rights of all concerned.

FULLERTON, CROW, and MOUNT, JJ., concur.

HADLEY, C. J., and DUNBAR, J., took no part.