[No. 9063.  Department One.  December 16, 1910.]

ISADORE M. GLADDEN, *Appellant*, v. ADAM JACOBOWSKI
*et al., Respondents.*[1]

JUDGMENT—RES JUDICATA—MATTERS CONCLUDED.  The dismissal of
an action to rescind a contract to support the plaintiff, on the ground
that plaintiff had violated the contract in refusing to live with the
defendant since August 20th, 1908, is *res judicata* and a bar to an-
other action to rescind the same contract for failure to support the
plaintiff from August 20th, 1908, to August 20th, 1909, commenced
within fifty days after the entry of the former judgment; no breach
since such judgment being alleged.

CONTRACTS—SUPPORT—CONSTRUCTION.  Under a contract for life
support at defendant's home, providing that plaintiff shall not refuse
to reside with defendant except for defendant's neglect or failure to
suitably provide for plaintiff, in which event defendant was to pay
$15 per month, defendant is not liable for the monthly payments
where plaintiff unjustifiably refused to reside with defendant.

Appeal from a judgment of the superior court for King
county, Clifford, J., entered August 8, 1910, dismissing on
the pleadings and the opening statement of counsel an action
on contract.  Affirmed.

*John E. Humphries* and *Geo. B. Cole*, for appellant.

*S. H. Steele*, for respondents.

MOUNT, J.—The appellant brought this action to rescind
two written contracts by which he had conveyed to the re-
spondents certain personal property and real estate, in con-
sideration for support and maintenance during his lifetime.
As a ground for the rescission, he alleges that there became
due from the respondents, under the terms of the contract,
$15 per month from August 20, 1908, to August 20, 1909,
amounting to $180, which respondents refused to pay.  Re-
spondents, for answer to the complaint, denied these allega-
tions, and alleged affirmatively a former adjudication, and

[1]Reported in 112 Pac. 268.

set forth the record of the former case. For reply to the allegations of the former adjudication, the appellant filed a general denial upon information and belief. The cause came on for trial to the court without a jury, and counsel for the appellant made a statement of the case, in which he recited the history of the former litigation, in substance admitting the allegations of the reply in reference thereto, and then stated:

"The plaintiff did not appeal, and this suit is brought on this theory to a great degree, as we allege in the complaint that the defendants have failed to pay the plaintiff the $15 per month as provided in the deed, he not living there at the home of the defendants, he claims on account of the treatment he received, and this suit is founded mainly upon that ground and also upon the ground that the defendants have transferred the greater portion of the personal property over to Mrs. Jacobowski. . . . The turning point perhaps in this case to a great degree will rest upon that clause regarding residence and the payment of $15 per month."

The clause in the contract referred to, and which was admitted in the pleadings, is as follows:

"And in consideration of the premises, the parties of the second part doth hereby for themselves, their executors and administrators, agree to and with the party of the first part that they will support and maintain and comfortably and sufficiently clothe the party of the first part and in all respects care and provide for him in the manner suited to his condition in life for and during the remainder of his natural life; provided, however, that the said party of the first part shall not refuse to reside at the home and residence of said second parties in the said King county, or elsewhere to which said parties may remove except such refusal may be occasioned by neglect or inability of the party of the first part to obtain comfortable and sufficient clothing, lodging and maintenance sufficient to one in his station and condition in life at the home of said second parties, the total liability to which said second parties shall be held in the event that said first party shall determine not to live at the home and residence of said second parties shall not exceed the sum of $15

per month during the time of his refusal to live at the home and residence of said second parties."

Thereupon the respondents moved the court to dismiss the action upon the pleadings and the opening statement of counsel for the plaintiff. This motion was granted, and the plaintiff has appealed from the order of dismissal.

Counsel for appellant relies upon the rule to the effect that, where land has been conveyed in consideration of the grantee's agreement to support the grantor during the latter's life and the grantee refused to perform the same, the court of equity will set aside the deed, as held by this court in *Gustin v. Crockett*, 51 Wash. 67, 97 Pac. 1091, and cases there cited. That rule, however, has no application to the facts admitted in this case, for here the appellant had brought a former action, wherein it was alleged that the defendants had failed and refused to support and maintain the plaintiff, and the court found upon the trial of that case, "that the said defendants at all times had been ready, able and willing to support and maintain the plaintiff at their home and to fully comply with the obligations imposed upon the said defendants by the terms of said deed." The court in that action also construed the provisions of the contract above set out, and found upon the trial "that said plaintiff without cause or excuse on or about the 20th day of August, 1908, refused to reside at the home and residence of said defendants and refused to accept and receive support and maintenance from the said defendant at the home of said defendants." It is therefore clear that the judgment in that action was *res adjudicata* upon the issues between the parties, up to the time of that decree. *McPherson Bros. Co. v. Okanogan County, ante* p. 239, 112 Pac. 267. It is not alleged in this action, and it is apparently not claimed, that there has been any breach of the contract since the date of that decree. It appears that this action was brought within fifty days after that decree was entered. The complaint in this case does not even allege the breach of the

conditions of the contract. It simply alleges, "that pursuant to the terms of said agreement, there became due and payable to said plaintiff from said defendants the sum of $15 per month from August 20, 1908," and that a demand was made therefor, which defendants refused to pay.

It is plain from the terms of the contract that the respondents did not agree to pay the appellant $15 per month. The contract provides that the respondents will support, maintain, and comfortably and sufficiently clothe the appellant, provided that he shall not refuse to reside at the home and residence of the defendants, "except such refusal may be occasioned by neglect," or inability of the appellant to obtain such maintenance at the home of the respondents. Then the contract provides that the total liability of the respondents shall not exceed the sum of $15 per month. It is plain, we think, that the appellant is not entitled under the contract to recover $15 per month, or any other sum, unless it is shown that the respondents refused or neglected to provide for appellant at their home. No such allegation is made in the complaint. It is true, counsel for the appellant stated in opening the case that the appellant is "not living at the home of the defendants; he claims on account of the treatment he received." This question was admittedly litigated in the other action, and was decided adversely to the claim of the appellant, and that finding was conclusive of the fact up to the time of the judgment therein. There is no allegation or claim that there has been any neglect since that time, or any breach of the contract by the respondents, and it is clear that the appellant could not, under the terms of the contract, capriciously refuse to live at the home of the respondents, and require them to pay $15 a month or suffer a rescission of the contract; yet this is apparently the sole purpose of the action.

We think the judgment was right, and it is therefore affirmed.

RUDKIN, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.