[No. 13623.  Department Two.  May 18, 1917.]

SARAH ELIZABETH GARDNER, *Respondent*, v. MINNIE ALICE
FREDERICK *et al.*, *Appellants.*[1]

CONTRACTS—FOR SUPPORT—BREACH—DAMAGES. Where property is
conveyed by an aged parent in consideration of future support and
care, and there is a willful and wrongful withholding of support,
an action for damages will lie, where rescission cannot be had be-
cause part of the land had been sold and conveyed to a third person.

SAME—AGREEMENT FOR SUPPORT—BREACH—EVIDENCE—SUFFICIEN-
CY. The evidence is sufficient to show willful, and wrongful with-
holding of support and care of an aged parent, agreed to be given as
consideration for the conveyance of land, where there was a failure
to give such respectful and considerate treatment as would naturally
be prompted by the filial affection of a child.

TRIAL — INSTRUCTIONS — ERRONEOUS THEORY ADOPTED BY PARTIES.
Where evidence on the measure of damages was admitted without
objection, it is not error to submit the issue to the jury upon the
theory adopted by the parties, even though it was not the correct
legal theory.

Appeal from a judgment of the superior court for Spokane
county, Blake, J., entered March 16, 1916, upon the verdict
of a jury rendered in favor of the plaintiff, in an action on
contract.  Affirmed.

*Clyde H. Belknap* and *Fred M. Williams*, for appellants.

*John M. Gleeson*, for respondent.

MAIN, J.—This action grew out of the alleged failure of
the defendants to support and care for the plaintiff in ac-
cordance with the terms of a contract made between the
parties for that purpose.  The cause was tried to the court
and a jury, and resulted in a verdict in favor of the plaintiff
in the sum of four thousand dollars.  Motion for a new trial
being made and overruled, a judgment was entered upon the
verdict.  From this judgment, the appeal is prosecuted.

[1]Reported in 165 Pac. 85.

The facts necessary to an understanding of the questions presented are substantially as follows: For many years prior to the year 1909, the respondent and her husband owned and occupied a tract of land in Spokane county, consisting of approximately one hundred acres. During the year 1909, Mr. Gardner died. The land mentioned was community property. Mr. and Mrs. Gardner had eight children, all of whom were grown and married at the time of their father's decease. After the death of Mr. Gardner, the mother and children mutually entered into an arrangement whereby a mortgage in the sum of six thousand dollars was placed upon the farm and the money distributed to the children. On the 27th day of March, 1913, the farm was conveyed to the appellants, the purchase price being nine thousand five hundred dollars. Of this purchase price, six thousand dollars consisted in the assumption of the mortgage, fifteen hundred dollars was distributed to the children, and two thousand dollars was paid to the respondent or her agent. On or about April the 1st, 1913, the respondent loaned to the appellants fifteen hundred dollars of the two thousand dollars mentioned and took a note therefor, due ten years after date, with eight per cent interest, payable semi-annually. A written contract was also made at this time providing for the support and care of the respondent by the appellants during her lifetime. The consideration mentioned in this contract for such care and support was the release in whole or in part from the liability upon the note, depending upon the time of the death of the respective parties. Soon after the conveyance of the farm, the appellants took possession thereof and, during the latter part of the month of July, the respondent began making her home with them. This relation continued for a period of four or five months, when the respondent, being dissatisfied, the written contract above mentioned was cancelled by mutual consent, as well as the will which had been made in aid thereof. After leaving the home of the appellants, the respondent lived about

with her other children, and sometime during the year 1915, the present action was instituted.

It is first claimed that the trial court should have taken the case from the jury upon the motion made by the appellants, because the complaint does not allege and the evidence does not show that, at the time the contract for care and support was made, there was then a preconceived intention on the part of the appellants not to perform it. The performance of the contract, with reference to care and support, was, of course, to take place in the future. It is doubtless a general rule that, where the promisor undertakes to do something in the future, the failure to perform the promise is not fraudulent, unless there was an intention at the time of making it not to perform. That rule, however, is not applicable to cases of this kind. The rule in this state, as well as the great weight of authority, is to the effect that, where an aged parent conveys property to a son or daughter, or other person, in consideration of future support and care, and there is a willful and wrongful withholding of such support and care, in equity the contract may be rescinded, or, if rescission cannot be had, an action for damages will lie. *Payette v. Ferrier*, 20 Wash. 479, 55 Pac. 629; *Gustin v. Crockett*, 51 Wash. 67, 97 Pac. 1091; *Hewett v. Dole*, 69 Wash. 163, 124 Pac. 374; *Patterson v. Patterson*, 81 Iowa 626, 47 N. W. 768; *Bogie v. Bogie*, 41 Wis. 209; *Davis v. Davis*, 135 Ga. 116, 69 S. E. 172; *Carpenter v. Carpenter*, 66 Hun (N. Y.) 177, 20 N. Y. Supp. 928; *Shover v. Myrick*, 4 Ind. App. 7, 30 N. E. 207.

In this case, rescission could not be had because a portion of the land, prior to the institution of the action, had been sold and conveyed by the appellants to a third person. Under the authorities cited, the action for damages could be maintained if there was a willful and wrongful refusal to provide the care and support contracted for, even though, at the time the promise was made, there was not then in the minds of the appellants an intention not to perform it.

It is contended further that the evidence was not sufficient to take the case to the jury upon the question as to whether there had been a willful and wrongful failure on the part of the appellants to perform the contract. The respondent, at the time the contract was made, was approximately seventy-two years of age. The appellants were husband and wife, and Mrs. Frederick was the daughter of the respondent.

It may be that there is no substantial evidence that the appellants failed to furnish the respondent, during the time that she resided with them, the necessary physical comforts; but in contracts of this character the law contemplates more than physical comfort. The aged parent is entitled to respectful and considerate treatment, such as would naturally be prompted by the filial affection of a child. Without setting out in detail here the testimony involving an apparently somewhat bitter controversy between near relatives, it may be said that the evidence was sufficient to justify the jury in believing that the appellants did not show to the respondent, during the time that she resided with them, that respectful and kindly consideration to which she was entitled. There is some evidence that there was a deliberate attempt to withhold from her that gentle sympathy which not only would be prompted by filial affection, but which the law, in cases of this character, demands.

It is also claimed that the contract for support was separate and distinct from the sale and transfer of the land. It is true that the contract for support deals only with the note and does not refer to the land. There was, however, an abundance of evidence to support the verdict of the jury, which went in without objection, to the effect that the care and support of the respondent during her lifetime was a part of the consideration for the conveyance of the farm. Whether this oral testimony was admissible under the rule that does not permit a written contract to be varied by parol, is not here for consideration and we express no opinion thereon. Had

the testimony been objected to, the question would have been squarely presented.

Complaint is also made of the instruction given by the trial court defining the measure of damages. If we correctly understand the objection to this instruction, it is that the court did not take into consideration the value of the benefits the contract and will conferred on the appellants; but the evidence shows, without conflict, that the written contract and will were cancelled by mutual consent. The instruction correctly submitted to the jury the theory of the measure of damages upon which the case was tried.

The evidence offered by the respondent as to the damages was not objected to because it did not tend to prove the correct measure of damages. The evidence having gone in without objection, and the appellants having met this evidence by counter evidence of the same character, it was not error to submit the question to the jury upon the theory of damages adopted by the parties, even though it may not have been the correct legal theory.

As to whether the rule of damages in cases of this character is the difference between the market value of the land and the price paid, or the reasonable cost of the support and care of the aged person during the life expectancy, no opinion is here expressed. That question was not raised in the trial court and is not presented here.

There are other assignments of error, but we think what has been already said covers all the questions in the case. It must not be forgotten that the cause was tried to a jury, and even though, upon the record, we might be of a different opinion upon the facts, the verdict of the jury must control.

The judgment will be affirmed.

ELLIS, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.