[No. 14134. Department One. October 13, 1917.]

LAURA KAUSCHE BROWN et al., *Appellants*, v.
CHARLES A. KAUSCHE et al., *Respondents*.[1]

TRUSTS—EXPRESS TRUSTS — ORAL AGREEMENT FOR LAND — PAROL EVIDENCE—ADMISSIBILITY. A devise by a husband of all the community property to his wife under an oral agreement that she should use it during life and hold it intact to be divided between the children share and share alike, creates an express trust which cannot be proved by parol; and upon the widow's deeding the property to a son in violation of the oral agreement, there is no resulting trust or trust *ex maleficio* that could be established by oral evidence.

FRAUDS, STATUTE OF—PLEADING IN DEFENSE—NECESSITY. Where the complaint pleads an oral agreement to convey property, void under the statute of frauds, and the answer denied the agreement, the defense of the statute of frauds is open to the defendant providing he makes timely objections to the evidence by which it is sought to be proven by parol.

Appeal from a judgment of the superior court for Garfield county, Miller, J., entered October 13, 1916, in favor of the defendants, dismissing an action to establish a trust, tried to the court. Affirmed.

*R. B. Brown* and *G. W. Jewett*, for appellants.

*Sharpstein, Smith & Sharpstein* and *Kuykendall & Mc-Cabe*, for respondents.

[1]Reported in 167 Pac. 1075.

MAIN, J.—The purpose of this action was to establish a trust in real estate. The cause was tried to the court without a jury, and resulted in a judgment dismissing the action. From this judgment, the plaintiffs appeal.

The facts are these: On July 4, 1903, one Henry Kausche, being then a resident of Garfield county, died testate. His wife, Pauline Kausche, and five children survived him. So far as the real estate is concerned, the estate of the testator consisted of approximately eight hundred (800) acres of farm land, all of which, with the exception of eighty (80) acres, was community property. By the will, the entire estate, both real and personal, was devised and bequeathed to Mrs. Kausche. No provision was made for the children, for the reason, as stated in the will, that the testator left the matter of providing for them to his wife, their mother, in whom he said he had perfect confidence. The will was probated and the whole estate was distributed to Mrs. Kausche. Some years thereafter, and on December 10, 1914, Mrs. Kausche conveyed all the land above mentioned to the son, Charles A. Kausche. The appellants are the daughters. The respondents are Mrs. Kausche and the son.

The complaint alleges, and it will be assumed that the evidence establishes, that, at the time of making the will, and for many years prior thereto, it was the desire of the testator that the whole estate should be kept intact as long as either he or his wife should live, and that, after the death of both of them, all of the property owned by them should be distributed to the children in equal shares; that, at the time of the execution of the will, it was orally agreed between Mr. and Mrs. Kausche that the latter, in case she should survive her husband, should have the right to use all of the property during her life, and should manage, handle, and hold it intact until her death, at which time the children should receive all the property, share and share alike; and that Mrs. Kausche accepted the will and provisions thereof with a full sense of its obligations and the trust imposed by

the oral understanding. The will does not create the trust and it is not so claimed. The contention of the appellants is that the will was made pursuant to the previous oral understanding, and that, when Mrs. Kausche deeded the land to her son, which was a violation of the parol agreement, a trust thereby arose *ex maleficio*. If the trust sought to be established is an express trust, it must fail, because the evidence in support thereof is oral. On the other hand, if it is a resulting trust, or trust *ex maleficio*, it may be established by oral testimony. *McSorley v. Bullock*, 62 Wash. 140, 113 Pac. 279; *Womach v. Sandygren*, 96 Wash. 12, 164 Pac. 600.

Inquiry must then be directed to the determination of the question whether the trust sought to be established is an express trust, or is a resulting trust, or trust *ex maleficio*. In *Arnold v. Hall*, 72 Wash. 50, 129 Pac. 914, 44 L. R. A. (N. S.) 349, a son had conveyed property to his mother with the oral understanding that it was to be reconveyed to him. Thereafter the mother conveyed the property to a daughter. After the death of the mother, the controversy arose between the son and daughter as to the ownership of the property, the son claiming that it was impressed with a trust in his favor and that the daughter took it with knowledge of that fact. It was there held that the trust sought to be established by parol was an express trust and not a constructive trust, or one arising *ex maleficio*. After reviewing authorities, it was there said:

"In saying that 'it is only when fraud, actual or constructive, intervenes that equity will permit a trust agreement to be proved by parol,' this court had reference to such fraud as inhered in the original transaction. Otherwise all trusts, whether express or implied, could be proven by parol, for in the larger sense the failure or refusal of the trustee of an express trust to execute the trust would be constructive fraud, and the statute would be rendered nugatory. In the instant case, there is no claim of fraud other than the failure of the trustee to perform her express contract. . . ."

"The respondent argues that the transaction raised either a trust *ex maleficio* or a constructive trust. He pleaded an express contract to reconvey the property, and the evidence submitted is in harmony with the complaint. This would create an express trust. It is true that equity will raise a constructive trust to prevent a fraud, but where there is an express trust there can be, in the very nature of things, no implied or constructive trust. We need not consider the cases cited by the respondent from other jurisdictions, of which *Bowler v. Curler*, 21 Nev. 158, 26 Pac. 226, 37 Am. St. 501, is a type. It holds that equity will raise a constructive trust when an express contract to reconvey the property has been breached. Such view is not only a virtual repeal of the statute of frauds, but is in clearest conflict with the decisions of this court to which reference has been made."

In *Nichols v. Capen*, 79 Wash. 120, 139 Pac. 868, a conveyance was made to a son, who was acting as an administrator, for the purpose of disposing of lands conveyed for the purpose of paying the debts of the estate, under an oral agreement to reconvey all that remained after the payment of debts and final settlement of the estate. The son breached the oral agreement and retained the property. An action was brought seeking a decree that the son held the lands in trust. It was there held that the trust was an express trust and not a trust *ex maleficio*. After reciting the facts, it was there said:

"Accepting these facts as disclosing the intent of the conveyance, they show an express trust and not a trust *ex maleficio*. A trust *ex maleficio* is one where, by reason of some fraud on the part of the party obtaining the title to the land, the law implies a trust relation. In such cases, the trust arises out of, or results from operation of law, and is not within the contemplation of the parties at the time the conveyance is made. When, however, as in the case before us, the conveyance is made for an express purpose, to dispose of the lands or as much thereof as may be necessary and out of the proceeds to pay certain debts, the remainder of the lands or the balance of the money obtained from their sale to be reconveyed or returned to the grantor, the trust arises from the act of the parties and not by operation of

law; and since the agreement is an express one, the trust becomes an express trust and cannot be established by parol." (Citing authorities.)

In the present case, as in each of the cases cited, no fraud inhered in the original transaction. If the trust sought to be proved by parol in those cases was an express trust, it necessarily follows that, in the case now before us, the trust sought to be established by oral testimony was likewise an express trust. It is true that, in each of those cases, the trust sought to be established was in favor of the grantor, while here it was in favor of third persons—the children of the testator and his wife. But this fact could make no difference in the application of the principle. If, in the cases referred to, the trust arose by act of the parties and not by operation of law, it necessarily follows that, in the present case, the trust arose in the same way, that is, out of the oral arrangement between Mr. and Mrs. Kausche, and was therefore an express trust.

Our attention has been called to the case of *Gustin v. Crockett*, 51 Wash. 67, 97 Pac. 1091, as sustaining the contention of the appellants, but that case rests upon a different principle. There, aged parents conveyed property to the wife of a son with the understanding that the old people were to occupy it during their lifetime. Subsequently, they were evicted by the daughter-in-law, in whose name the title stood. The parents sought a rescission of the contract, and their contention was sustained. The rule of that case is that, where people, old and infirm, convey their property to their children under an agreement for future support and maintenance, and the children fail to perform the agreement, equity will rescind the contract and cancel the deed for a wilful violation of the agreement to support and maintain, without reference to the question whether the transaction was fraudulent in its inception or not. As stated in the opinion:

"The wilful and wrongful violation of the agreement is in and of itself ample ground for the rescission."

The distinction between that case and the two cases above referred to is that, in such a case, wilful refusal to perform the contract will furnish a ground for rescission whether the transaction was fraudulent in its inception or not; while, in the other two cases, it is held that relief cannot be granted where no fraud inhered in the original transaction. The present case is not a case where aged parents conveyed property to a child or children in consideration of future maintenance and support, and therefore does not fall within the rule of the *Gustin* case. Mrs. Kausche is not here seeking to set aside the conveyance to her son, but the daughters are complaining because the mother, in violation of the oral agreement with their father, transferred the property to the son, who took it with knowledge of the trust. A review of the cases cited from other jurisdictions does not seem necessary, since this case is controlled by the *Arnold* and *Nichols* cases, *supra*.

It is contended, however, that, since the answer did not plead the statute of frauds, the respondents cannot invoke that statute against the oral understanding by which it is sought to establish the trust. The complaint alleged the oral agreement. This the answer denied. An oral agreement to convey real property under the statute of frauds is void. *Somers Co. v. Pix*, 75 Wash. 233, 134 Pac. 932. Where the complaint pleads such an agreement and the answer denies it, the defense of the statute of frauds is open to the defendant, providing, upon the trial, he makes timely objection to the evidence. It is where the complaint shows the contract to be parol, and such agreement is admitted by the answer, that it is necessary to expressly plead the statute. In *Goodrich v. Rogers*, 75 Wash. 212, 134 Pac. 947, it was said:

"Respondent insists, however, that, inasmuch as the defendants made a general denial and did not affirmatively plead the statute of frauds, that they have waived that defense and must be held to pay the judgment rendered in the court below.

"If he [defendant] denies the contract as plead, the defense of the statute is open to him and the objection may be raised at the time of the trial. . . ."

In the present case, as already stated, the answer denied the making of the oral agreement. Upon the trial, timely objection was made to the introduction of the evidence, because, under the statute of frauds, the trust could not be established by oral testimony.

Other questions are discussed in the briefs, but since the two questions already considered are decisive, it is unnecessary to review the others. There is no question in this case but what the appellants have been badly treated, but, under the settled law of this state, there is no way by which the court can afford them relief.

The judgment will be affirmed.

ELLIS, C. J., FULLERTON, MORRIS, and CHADWICK, JJ., concur.