[No. 17282.  Department Two.  September 28, 1922.]

WILHELMINA KENT *et al., Appellants,* HARRY L. STRONG
*et al., Interveners* and *Appellants,* v. THE CITY
OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS (185)—STREETS—IMPROVEMENTS—DAMAGES—REGRADE OF STREETS—NEGLIGENCE—INSTRUCTIONS. It not being necessary to prove negligence to sustain a recovery for damages to property by regrading a street, it is error to refuse a request to so instruct before the case went to the jury, notwithstanding the plaintiff alleged and introduced evidence to prove negligence and proceeded on that theory until the evidence was closed.

Appeal from a judgment of the superior court for King county, Ralston, J., entered November 8, 1921, upon the verdict of a jury rendered in favor of the defendant, in an action for damages for the removal of lateral support. Reversed.

[1]Reported in 209 Pac. 529.

*McClure & McClure,* for appellants Kent.

*Peters & Powell,* for appellants Strong.

*Walter F. Meier* and *Edwin C. Ewing,* for respondent.

MAIN, J.—The purpose of this action was to recover damages resulting from the regrading of Jackson and other streets in the city of Seattle. It is claimed that damages resulted to the real property of the plaintiffs by reason of the removal of lateral support in making the regrade. The cause was tried to the court and a jury, and resulted in a verdict in favor of the defendant, the city of Seattle. From this judgment, the plaintiffs and interveners appeal.

It is alleged in the complaint that the regrading of the streets which resulted in the damage was negligently done. Upon the trial, evidence was offered in support of the allegations of the complaint, including that of negligence in removing the lateral support. The city offered evidence to disprove the charge. After the evidence was all in, and before the cause was submitted to the jury, the appellants requested the court to instruct in effect that they had a right to recover aside from the matter of negligence. In other words, that negligence was not an essential element to be alleged and proved in order to sustain a recovery. This request was refused and the jury were instructed that, before they could return a verdict for the appellants, it would be necessary for them to find negligence.

Upon this appeal, as stated in oral argument, but one question is presented, and that is whether the court erred in refusing the request and instructing that negligence should be found before a recovery could be had. The judgment is sought to be sustained upon the theory that the complaint alleged negligence and that the cause

was tried upon the theory, both by the appellants and the respondent, that negligence was a necessary element. In cases of this kind it is not necessary that negligence be shown before a recovery can be had. *Smith v. Seattle*, 20 Wash. 613, 56 Pac. 389; *Farnandis v. Great Northern R. Co.*, 41 Wash. 486, 84 Pac. 18, 111 Am. St. 1027, 5 L. R. A. (N. S.) 1086; *Johanson v. Seattle*, 80 Wash. 527, 141 Pac. 1032.

This proposition does not appear to be controverted by the respondent, but it is claimed, as already stated, that it should not be applied in this case because of the fact that the complaint alleged negligence and the case was tried upon the theory that negligence was a necessary element of the action. The facts stated in the complaint and the evidence offered would sustain a recovery if negligence had been eliminated entirely. We see no reason why the appellants should not have had their case submitted to the jury upon a correct theory of the law. The request to so do came within sufficient time. The fact that they had alleged and attempted to prove more than was necessary should not deprive them of the right to go to the jury upon facts which, under the law, were sufficient to sustain a recovery.

In *Washington R. & E. Co. v. Washington Terminal Co.*, 44 App. Cas. (D. C.) 470, it was held that:

"Allegations and offer of proof of negligence on the part of the defendant in an action in which the plaintiff is entitled to recover irrespective of whether the defendant was guilty of negligence will not make proof of negligence necessary."

The respondent cites the case of *Gardner v. Frederick*, 96 Wash. 324, 165 Pac. 85. In that case the question was whether a correct measure of damages had been submitted to the jury. Both parties tried the case upon the theory that the measure of damages sub-

mitted by the court was the correct one. There was no request, as here, before the cause went to the jury, to give an instruction such as the appellant claimed upon appeal would define the correct measure of damages. That case differs from this. Here the question does not involve the amount of recovery, but the right of recovery, and before the cause was submitted to the jury, the appellants requested an instruction under which they would have been entitled to recover regardless of the question of negligence.

The judgment will be reversed and the cause remanded.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.