SUCESIÓN BENN ET AL., DEMANDANTES Y APELANTES, *v.* SUCE-SORES DE C. & J. FANTAUZZI, DEMANDADOS Y APELADOS.

No. 3151.—*Visto:* Febrero 15, 1924.    *Resuelto:* Noviembre 7, 1924.

DAÑOS Y PERJUICIOS—NEGLIGENCIA—*Res Ipsa Loquitur.*—El dejar deslizar por una pendiente, en una noche obscura y lluviosa, un vagón de ferrocarril dentro del cual había un tanque conteniendo petróleo, establece una presunción de negligencia en un caso por daños y perjuicios como resultado de un accidente consecuencia de dicho acto, por ser aplicable la doctrina de *res ipsa loquitur*.

ALEGACIONES—ACUMULACIÓN INDEBIDA DE ACCIONES—DEFECTO FORMAL.—Cuando existiendo una indebida acumulación de acciones la excepción previa al efecto es declarada sin lugar y el demandado no apela contra esa resolución, tal acumulación indebida se convierte en un mero defecto de forma y la ley del caso es que los demandantes, bajo tales circunstancias, pudieron proceder a virtud de cada causa de acción.

SENTENCIA de *Angel Arroyo*, J. (Guayama) declarando sin lugar la demanda, con costas. *Revocada.*

C. *Domínguez Rubio*, A. *Rodríguez* y J. *Valldejuly*, abogados de los apelantes; M. A. *Martínez* y T. *Bernardini*, abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La demandada, Sucesores de Fantauzzi, es dueña de una central, vía férrea y de un tanque de petróleo, tanque que alegan los demandantes ocasionó los daños en este caso. El referido tanque estaba montado en un vagón que se encontraba parado en lo alto de una cuesta, cerca de una pendiente. El tanque estaba puesto en el carro y tenía miles de galones de petróleo. Una noche obscura, y después de un aguacero, los empleados de la demandada procedieron a mover este vagón y tanque cargado de petróleo para otro sitio. Había una pendiente inmediata al lugar de donde empezó a salir el carro y debido a estar mojada la vía el carro empezó a correr, pasando el puente y bajando por un declive,

dando esto lugar a que se volcara el tanque y vaciara por todas partes el contenido. Parte del contenido causó daños a la propiedad de los demandantes. Otra parte de dicho petróleo penetró por las ventanas de la casa propiedad del padre de los demandantes. La demanda alegaba que el petróleo realmente bañó de pies a cabeza el cuerpo del susodicho padre, quien se encontraba allí enfermo, causándole daños y más tarde la muerte. La prueba, sin embargo, es que el petróleo en realidad no lo tocó. El referido padre falleció algunas semanas después, pero la prueba del médico tanto de los demandantes como de la demandada, tiende a demostrar que el susodicho padre era muy viejo y falleció por causas naturales y no debido a ninguna impresión recibida al ser bañado por el petróleo. La corte declaró sin lugar la demanda en todos sus particulares y formuló sus conclusiones de hecho y de derecho en favor de los demandados.

No encontramos razón alguna para anular la conclusión de la corte inferior en cuanto al hecho de que el padre de los demandantes falleciera debido a causas naturales y por tanto que el accidente no fué la causa próxima de su muerte. No es necesario considerar con gran minuciosidad el hecho de si los hijos de los demandantes tendrían derecho a daños y perjuicios por la angustia mental del padre. Nos inclinamos a convenir con la demandada que la compensación por tal sufrimiento mental por lo general sólo se da en adición o agravación de los daños y perjuicios sufridos por la persona misma.

La corte, sin embargo, también declaró probado que la demandada no fué culpable de negligencia y que era inaplicable la doctrina de *res ipsa loquitur* a los hechos de este caso. La corte manifestó que podría haber aplicado la doctrina de *res ipsa loquitur* si la demanda y la tendencia de los demandantes mismos no fuera imputar negligencia directamente. Las citas *Louisville & Nashville R. R. Co.* v.

*Kitty Comley,* L.R.A. 1917 C. 977; *San Juan Light* v. *Requena,* 224 U.S. 90 (32 Sup. Ct. 399, 56 L. ed. 680); *Chicago, Rock Island, & Pacific Railway Company* v. *Roger McKone* (36 Okl. 41, 127 Pac. 488), 42 L.R.A. (N.S.) 709; *Lucid* v. *DuPont,* 199 Fed. 377, y 20 R.C.L. 184 *et seq.,* de ambas partes, más bien nos convencen de que en un caso como el presente sería de aplicación la doctrina de *res ipsa loquitur.* En otras palabras, que había un aparato que estaba exclusivamente bajo el control de la demandada y peligroso y si se permitió que este aparato peligroso se deslizara por la pendiente causando daños, creemos que existiría una presunción de negligencia.

Además, la prueba nos convence de que los empleados de la demandada fueron en realidad negligentes. Era una noche obscura y había llovido y uno de los empleados de la demandada manifestó que sabía que el carro podía deslizarse al ser puesto en movimiento después de la lluvia. Los empleados de la demandada en verdad hicieron todo lo que pudieron por parar el carro después de empezar a correr, pero los frenos al parecer no eran suficientes al objeto. Inmediatamente después de salir del sitio donde estaba parado, tenía el carro que cruzar un puente donde los empleados de la demandada nada podían hacer. Llegamos a la conclusión de que la doctrina de *res ipsa loquitur* es de aplicación; que la demandada no se disculpó; que por el contrario la prueba tiende a demostrar negligencia.

La demanda en este caso comprendía una acción no sólo por la muerte del padre, sino también por los daños y perjuicios causados a la propiedad de los demandantes. Nos inclinamos al parecer de que hubo una indebida acumulación de acciones pero la excepción previa a este efecto formulada fué declarada sin lugar por la corte, no habiendo apelado la demandada. Que los demandantes pudieron proceder a virtud de cada causa de acción, vino a ser entonces la ley del caso, y la indebida acumulación, si alguna hubo,

fué un mero defecto de forma.   La reclamación de los demandantes por daños y perjuicios a su propiedad ascendía a la suma de $500.   La prueba y la opinión de la corte demuestran que estos daños ascendían a $225.   Como hemos declarado que la demandada fué culpable de negligencia y toda vez que la propiedad de los demandantes fué perjudicada hasta este límite, *debe revocarse la sentencia apelada y dictarse otra por esta corte a favor de los demandantes por la suma de $225.*

Como ésta es una revocación y sólo en parte han tenido éxito los demandantes, ·no impondremos costas.