Rafael Arce Rollet, demandante y apelado, *v.* Simona del Carmen Solá y López y su esposo Manuel Jiménez; Cruz Solá López; María Solá López; José Alvarez Martín; Francisco Becerra y su esposa Consuelo Romero; Rafael Resy; Pedro Osuna y Manuel Alvarez Martín, demandados y apelantes.

No. 4237.—*Visto:* Junio 17, 1927. *Resuelto:* Junio 25, 1927.

Apelación y Error—Decisiones Sujetas a Revisión—Naturaleza, Alcance y

Efecto de la Decisión—Resoluciones Sobre Excepciones Previas.—Una resolución desestimando excepciones previas no tiene el carácter de definitiva, y no es, por tanto, apelable. Para que pueda serlo, es necesario que se registre como la sentencia definitiva del pleito con todas las consecuencias inherentes a tal registro. (La doctrina del caso *Escalona v. Dordal*, 10: 171, ratificada y la sentada en el de *Suc. Benn v. Sucs. de C. y J. Fantauzzi*, 33: 772, explicada.)

Orden de *Gabriel Castejón*, J. (Humacao), resolviendo excepciones previas contra la demanda, apelada dicha orden sin haberse solicitado que se registrara como sentencia definitiva. *Desestimado el recurso* por falta de jurisdicción.

*Antonio L. López*, abogado de los apelantes; *Arturo Aponte Jr.* y *Joaquín Vendrell* y *Rodolfo Ramírez Pabón*, abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Rafael Arce Rollet demandó a Simona del Carmen Solá y a varias otras personas en la Corte de Distrito de Humacao. El pleito se titula sobre "cumplimiento de contrato y otros extremos". En realidad se trata por él de cobrar los honorarios que el demandante, un abogado, alega que la demandada Solá se obligó a pagarle por su dirección en un pleito que tuvo éxito al fin y que permitió a la demandada recobrar cierta propiedad, solicitándose además que determinados traspasos de dicha propiedad a los otros demandados sean declarados nulos por simulados y hechos en fraude del demandante.

La demandada Solá excepcionó la demanda entre otros motivos por el de acumularse en ella indebidamente varias acciones.

La excepción fué declarada sin lugar y la demandada Solá interpuso el presente recurso de apelación, archivando un bien razonado alegato en apoyo de su contención. El apelado no presentó alegato alguno. Ninguna de las partes compareció al acto de la vista del recurso.

Al estudiar el caso nos hemos dado cuenta de que esta corte carece de jurisdicción en los actuales momentos para resolver la cuestión planteada.

La orden que declaró sin lugar la excepción se dictó el 18 de marzo último y concedió a los demandados diez días para contestar. La apelación se interpuso el mismo día 18 de marzo de 1927. No se pidió que se registrara ni se ha registrado como sentencia final la decisión de la corte. La apelación es un derecho estatutorio y el estatuto en Puerto Rico no lo otorga para un caso como éste.

Desde 1906 esta Corte Suprema en el caso de *Escalona* v. *Dordal,* 10 D.P.R. 171, resolvió lo que sigue:

"Una resolución desestimando excepciones previas no tiene el carácter de definitiva, y no es, por lo tanto, apelable para ante el Tribunal Supremo.

"Las resoluciones desestimando excepciones previas se consideran excepcionadas por ministerio de la ley y pueden ser revisadas en la apelación que se interponga contra la sentencia definitiva."

La práctica constante en esta jurisdicción ha sido que para poder apelar de una orden resolviendo excepciones previas, es necesario pedir que se registre como sentencia definitiva y atenerse por completo a las consecuencias de tal petición y tal registro.

Parece conveniente transcribir el resumen de la jurisprudencia sobre la materia que sigue y que tomamos de Corpus Juris. Es así:

"En ausencia de disposición especial estatutoria en contrario, la regla general es que una orden o decreto que meramente declara con o sin lugar una excepción previa u otra excepción a un pliego de alegaciones, ya presentada por el demandante o por el demandado, sin ulterior actuación por la corte para fallar finalmente el pleito o procedimiento, por ser una orden o decreto interlocutorio no es apelable ni está sujeta a auto de error o a excepciones, y sólo es revisable en apelación, auto de error o excepciones después de sentencia o decreto final. Y la regla general ha sido aplicada a órdenes o decretos declarando con o sin lugar excepciones previas a contrademandas y contra-peticiones, a demandas de interventores, y a alegaciones de defensa, contestaciones y réplicas, incluyendo alegaciones de compensación y otras dirigidas a la jurisdicción, y

alegaciones de contra-demanda y contra-reclamación. Pero en la
mayor parte de las jurisdicciones, de acuerdo con la práctica, proce-
den una apelación, auto de error o excepciones, para revisar la ac-
ción de la corte al declarar con o sin lugar una excepción previa
a una declaración o demanda, o a una contestación u otra alegación
del demandado, cuando la corte falla finalmente el pleito o procedi-
miento desestimando éstas o dictando sentencia en favor de cual-
quiera de las partes, y, en algunas jurisdicciones, cuando una sen-
tencia declarando sin lugar una excepción previa a una contestación
o defensa en efecto constituye una determinación del pleito; y se
ha resuelto en algunas jurisdicciones que una sentencia declarando
con o sin lugar una excepción previa a una demanda o declaración
puede ser final para los fines de una apelación o auto de error, aun-
que expresamente no desestime la acción o dicte sentencia en con-
trario, cuando tal sentencia es en efecto final, o cuando el deman-
dante elige descansar en su demanda en vez de enmendarla tal como
lo autoriza el estatuto. Y en equidad se ha resuelto que procede
una apelación contra una orden o decreto declarando sin lugar una
excepción previa a la demanda, cuando la excepción va dirigida a
la demanda en su totalidad.'' 3 C. J. 481-4.

La parte apelante termina su alegato del siguiente modo:

''Adelantándonos a probables objeciones de la parte contraria,
antes de terminar diremos que la presente apelación la hemos esta-
blecido fundados en la autoridad del caso *Suc. Benn* v. *Sucs. de C.
y J. Fantauzzi,* 33 D.P.R. 772, en el cual se estableció la siguiente
doctrina:

''Cuando existiendo una indebida acumulación de acciones la
excepción previa al efecto es declarada sin lugar y el demandado no
apela contra esa resolución tal acumulación indebida se convierte
en un mero defecto de forma y la ley del caso es que los demandan-
tes, bajo tales circunstancias pudieron proceder a virtud de cada
causa de acción.''

Hemos examinado los autos del caso citado y la situa-
ción allí es completamente distinta. La sentencia final se
dictó en el dicho caso a favor de los demandados. Los de-
mandantes interpusieron la apelación y esta Corte Suprema
revocó el fallo recurrido. La excepción de indebida acu-
mulación se suscitó en la corte inferior por los demanda-
dos y fué declarada sin lugar y acto seguido los dichos de-

mandados contestaron la demanda y se celebró el juicio en el que obtuvieron como se ha dicho una sentencia favorable. Los demandados en la Corte Suprema como apelados se limitaron a impugnar los fundamentos del recurso. La cuestión de la indebida acumulación de acciones no fué tratada por ellos ni se discutió en la apelación. Por su propio acuerdo esta corte hizo referencia a la misma.

Por virtud de todo lo expuesto, debe *desestimarse el recurso por falta de jurisdicción.*